PER CURIAM.
Appellant seeks reversal of a revised final judgment entered by the trial court in a nonjury trial whereby the court’s original judgment in the amount of $960.-00 was increased to $4,000.00.
The case arose out of an assault and battery committed by appellant upon appel-lee when the latter was caught by appellant encroaching upon what appellant appeared to believe were his exclusive conjugal prerogatives. The sole issue presented for our consideration is the trial court’s authority in a nonjury trial to amend an earlier judgment by increasing same. Appellant contends that Rule 1.530 (a), Florida Rules of Civil Procedure, 31 F.S.A., prohibits the opening of a judgment if one has been entered unless additional testimony is taken. We do not agree with appellant’s interpretation of the cited rule.
Rule 1.530(a), Florida Rules of Civil Procedure, is as follows:
“Jury and Non-Jury Actions. A new trial may be granted to all or any of the parties and on all or a part of the issues. On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony and enter, a new judgment.”
The well reasoned revised final judgment recited as the basis for the increased amount of damages that the first final judgment failed to include damages for pain and suffering. The court perceived this failure to have been an error in law which he thought should be rectified by revising the judgment so as to include damages for pain and suffering. We think the trial court’s action is fully authorized by this court’s interpretation of the cited rule in Pensacola Chrysler-Plymouth, Inc. v. Costa, Fla.App., 195 So.2d 250, wherein we stated:
“ * * * In a court action, however, there will be many times when proper relief may be accorded by something far less than actual new trial, such as the taking of additional testimony, the amendment of the findings of fact, conclusions of law, or the judgment.”
An interpretation of the cited rule in a manner consistent with the pronouncements of this court in th.e above case requires af-firmance of the revised final judgment herein.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.