401 So.2d 838 (1981)
STATE of Florida, Appellant,
v.
Thomas A. PETERS, Appellee.
No. 80-1973.
District Court of Appeal of Florida, Second District.
July 1, 1981.
As Clarified July 29, 1981.
*839 Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
CAMPBELL, Judge.
The state filed a petition for forfeiture of appellee's motor vehicle. The affidavit filed with the petition stated that appellee, at his home in Dunedin, had discussed buying one pound of marijuana with a confidential informant. In the conversation he stated he would have to purchase the marijuana in Ozona. Later appellee was seen driving in his motor vehicle to Ozona and twice exiting a business with a package. When appellee returned to his home in Dunedin, the confidential informant proceeded to make a purchase of a pound of marijuana.
Appellee was subsequently arrested and charged with sale and possession of a pound of marijuana. The motor vehicle he used to drive to and from Ozona was subsequently seized, although only three to five grams of marijuana were found in the vehicle.
The trial judge granted appellee's motion to dismiss the state's petition for forfeiture and in doing so stated the following:
1. Counsel for the Petitioner and counsel for the Respondent have stipulated that at the time of seizure, the captioned vehicle, now the subject of the instant forfeiture proceedings, contained no felony drug;
2. The Court has reviewed, at the urging of counsel, Florida Statute 943.43 as amended by the 1980 Florida legislature and in strictly interpreting this forfeiture statute, as required by law, this Court can only conclude that this vehicle is not the proper subject of forfeiture, in that F.S.A. 943.43, as recently amended, requires that in order that a seized vehicle be forfeited the contraband article must be located in or on the vehicle at the time of seizure. It is therefore
ORDERED AND ADJUDGED, that the Defendant's Motion to Dismiss is well taken and the State's Petition for Forfeiture is thereby
DENIED... . (emphasis added)
*840 Because we believe that the trial judge incorrectly construed section 943.43, Florida Statutes (1980), and failed to consider sections 943.41 and 943.44, Florida Statutes (1980), we reverse.
Section 943.43, Florida Statutes (1979), read as follows:
Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of section 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited ... . (emphasis added)
Subsequent to the passing of this statute, the Florida Supreme Court held that the mere presence of contraband inside a vehicle was not sufficient to allow the state to forfeit that vehicle. Griffis v. State, 356 So.2d 297 (Fla. 1978). The court held that the state must show a nexus between the illegal drugs found in the vehicle and the furtherance of an illegal drug operation before the state could forfeit the vehicle.
Ostensibly in response to the ruling of the court in Griffis, section 943.43 was subsequently amended in 1980 to include a provision that if a vehicle contained contraband at the time of a seizure and if possession of the contraband constituted a felony, then the state could forfeit the vehicle. The legislature made an additional change in 1980 when they deleted "and may be forfeited" from the first sentence of section 943.43(1), Florida Statutes (1980).
The trial court reasoned that in deleting "and may be forfeited" the legislature intended to subject vehicles to forfeiture by the state only when they contain a felonious amount of contraband at the time of the seizure. Since there were only three to five grams of marijuana present in appellee's vehicle at the time of the seizure, the trial judge dismissed the petition.
Section 943.41(2)(e), however, holds that a vehicle "which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony" shall be a "contraband article." The facts of this case show that although only three to five grams of marijuana were found inside the automobile at the time of its seizure, a larger amount of marijuana was found in appellee's possession and had apparently been transported in the vehicle. Since the possession of the larger amount of marijuana constituted a felony and since appellee's vehicle had apparently been employed in the commission of that felony, upon proper proof of those facts, the vehicle would be subject to forfeiture under section 943.41(2)(e).
Additionally, section 943.44(1) holds that a state attorney, within whose jurisdiction a vehicle has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, shall promptly proceed against the contraband vehicle by rule to show cause in the circuit court and may have the vehicle forfeited to the law enforcement agency making the seizure upon proof that the vehicle was used in violation of the provisions of the law. The state attorney for Pinellas County did so here and upon proper proof is entitled to forfeit the vehicle under the law.
The trial judge was incorrect in holding that forfeiture was only available when a felonious amount of contraband was found within the vehicle at the time of the seizure.
Accordingly, we reverse and remand to the trial court for treatment consistent herewith.
SCHEB, C.J., and GRIMES, J., concur.