GLICESTEIN, Justice.
This is an appeal arising out of sections 943.41-943.44, Florida Statutes (Supp.1980), known and to be cited as the Florida Contraband Forfeiture Act.[1] The trial court’s order being appealed granted (a) appellees’ motion to dismiss appellant’s complaint for rule to show cause and for final order of forfeiture and (b) their motion to quash the rule to show cause issued thereon by the trial court.[2] Appellant thereafter filed a motion for leave to file amended complaint for rule to show cause and for final order of forfeiture, attaching its proposed pleading thereto. The trial court entered a subsequent order, denying that motion. Appellant’s notice of appeal makes no mention of the subsequent order; however, appellees have not objected thereto and, in fact, have restated the point on appeal as follows:
*536 A TRIAL COURT’S DENIAL OF A MOTION TO PERMIT THE FILING OF AN AMENDED COMPLAINT IN A FORFEITURE PROCEEDING AGAINST A MOTOR VEHICLE PURSUANT TO SECTION 943.43(1), FLA.STAT., WHERE THERE HAS BEEN A FAILURE TO PROMPTLY PROCEED WITH THE FORFEITURE PROCEEDINGS, AND WHERE THERE WAS NO CONTRABAND ARTICLES AS DEFINED IN SECTION 943.41(2)(a)-(d), FLA. STAT., LOCATED IN OR ON THE MOTOR VEHICLE IN QUESTION, IS NOT AN ABUSE OF DISCRETION.
The trial court did not err in granting the appellees’ motion, but did err in refusing to allow appellant to amend its complaint, as it referred to inapplicable subsections of section 943.41(2) in its reference to subsections (a) through (d).[3] There was, however, nothing wrong with the affidavit of the arresting officer, which was attached to the complaint as an exhibit. It recited in great detail that the officer had been in an unmarked vehicle in the north parking lot of the Holiday Inn in Plantation, Florida, surveying the motel because of a rash of burglaries. He observed a white male, female and infant who appeared to be the residing parties of Room 115 leave at 6:10 p.m. on January 26, 1981. At 6:20 he saw a Mercedes Benz being driven into the parking lot and stationed in front of Room 115. He watched as a black male alighted from the vehicle, walked away from Room 115, and then back to it. At 6:23 he observed the black male enter the room and, at 6:25, exit with an attache case.
The police officer then followed the male as he drove off in the Mercedes Benz — recklessly and with the lights off — stopped him and observed the attache case. The affidavit then recites that the officer confirmed with the manager of the motel that the white family was renting Room 115. Inventory of the vehicle turned up several credit and identification cards registered to victims of previous burglaries at the motel.[4]
In its proposed amended complaint appellant alleged that the Mercedes Benz was being used in violation of section 943.42[5] and was a “contraband article” within the meaning of section 943.41(2)(e).[6] It also alleged, as it had in its original complaint, that:
On or about the 26th day of January, 1981, the City of Plantation seized the property described in paragraph 3 above at or near 600 block of University Drive, City of Plantation, Broward County, *537 Florida, within the jurisdiction and geographic confines of the City of Plantation under circumstances set forth under the Affidavit of the arresting officer attached hereto as Exhibit A. Such property was or had been actually employed as an instrumentality in the commission of, or in aiding or abetting the commission of a felony, to wit, Section 810.02, Fla.Stat. (burglary), SEction [sic] 817.60, Fla.Stat. (possession of two or more cards in different names), Section 811.16 and 811.17, Fla.Stat. (receiving stolen property) and Section 817.60(2) Fla.Stat. (possession of a stolen credit card).
The trial court unquestionably perceived correctly that subsections (a) through (d) plainly would not apply to such allegations. However, subsection (e) would apply; and appellant should have been given the opportunity to make that change by amended complaint.[7]
Appellees’ basic argument in their brief, which apparently was the basis for the trial judge’s dismissal of the complaint, is that in accordance with section 943.43(1) the only occasion on which a vehicle is contraband and subject to forfeiture is when there has been a seizure “[i]n any incident in which possession of any contraband article defined in s. 943.41(2)(a)-(d) [found in or on the vehicle] constitutes a felony... . ” § 943.-43(1), Fla.Stat. (Supp.1980). They go on to say that because no contraband article defined in subsections (a) through (d) was found in or on the vehicle, it could not be lawfully seized.
In 1980, the Legislature amended section 943.41(1) to read as follows:
Sections 943.41-943.44 shall be known and may be cited as the “Florida Contraband Forfeiture Act.”[8]
§ 943.41, Fla.Stat. (Supp.1980). It overhauled much of the Act, from title to text,[9] and added subsection 943.41(2)(e) which expressly provides an additional basis on which to seize a motor vehicle. Appellees accurately point out, however, that the legislature neglected to include any reference in section 943.43(1) to the newly added subsection 943.41(2)(e). They argue that such omission is fatal. While we concur in recognizing the omission, we find such to have been cured by section 943.44(1), Florida Statutes (Supp.1980).[10]
*538 Finally, appellees contend the trial court correctly refused to permit amendment to the complaint because the forfeiture was not instituted “promptly” as a matter of law. The issue has been considered in a number of forfeiture eases by the federal courts. In United States v. One 1978 Cadillac Sedan De Ville, 490 F.Supp. 725 (S.D.N.Y.1980), the owner’s vehicle allegedly was used in furtherance of a gambling operation and the government sought its forfeiture by commencing proceedings four and one-half months after having seized it on September 17,1978. In holding that the delay was not per se unreasonable, the court said:
In several decisions under 21 U.S.C. § 881 (which requires that forfeiture actions be instituted “promptly”), periods of delay similar to the one that Levine experienced have been held not unreasonable. See, e.g., United States v. One 1978 Buick Riviera Automobile, 560 F.2d 897 (8th Cir.1977) (five-month delay not unreasonable); United States v. One 1977 Cadillac Broughm-Elegance, No. 77 C. 2306 (E.D. N.Y., April 1979) (Neaher, J.) (five-month delay not unreasonable); United States v. One 1973 Dodge Van, 416 F.Supp. 43 (E.D.Mich.1976) (six-month delay not unreasonable when Government unable to serve claimant and when delays caused by ongoing criminal investigation); United States v. One Volvo Sedan, 393 F.Supp. 843 (C.D.Cal.1975) (two-month delay not unreasonable).
Id. at 732.
Section 943.44(2), Florida Statutes (Supp. 1980), provides:
If the property is of a type for which title or registration is required by law, or if the owner of the property is known in fact to the seizing agency at the time of seizure, or if the seized property is subject to a perfected security interest in accordance with the Uniform Commercial Code, chapter 679, the state attorney, or such attorney as may be employed by the seizing agency, shall give notice of the forfeiture proceedings by registered mail, return receipt requested, to each person having such security interest in the property and shall publish, in accordance with chapter 50, notice of the forfeiture proceeding once each week for 2 consecutive weeks in a newspaper of general circulation, as defined in s. 165.031, in the county where the seizure occurred. The notice shall be mailed and first published at least 4 weeks prior to filing the rule to show cause and shall describe the property; state the county, place, and date of seizure; state the name of the law enforcement agency holding the seized property; and state the name of the court in which the proceeding will be filed and the anticipated date for filing the rule to show cause. However, the seizing agency shall be obligated only to make diligent search and inquiry as to the owner of the subject property, and if, after such diligent search and inquiry, the seizing agency is unable to ascertain such owner, the above actual notice requirements by mail with respect to perfected security interests shall not be applicable.
In this case the seizure was on January 26, 1981. Appellant obviously had to determine to whom notice was to be given before the publication thereof, which occurred on March 3 and 10, 1981. Suit was filed on April 3,1981, not on May 12,1981, as asserted in appellees’ brief.
Based on all of the foregoing we reverse the trial court’s order and remand with directions to grant appellant leave to file an amended complaint.
LETTS, C.J., and WALDEN, J., concur.

. In 1981 the Legislature transferred the Act to sections 932.701-932.704.

. We relinquished jurisdiction to the trial court for entry of an order, nunc pro tunc, granting the motion to dismiss with prejudice, if that were the intention of the trial court by its earlier order. Such order was thereafter entered by the trial court, giving this court jurisdiction to consider the appeal. Cordani v. Roulis, 395 So.2d 1276 (Fla. 4th DCA 1981).

. Subsections (a) through (d) define “contraband article” as:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893.
(b) Any gambling paraphernalia, lottery tickets, money, and currency used or intended to be used in the violation of the gambling laws of the state.
(c) Any equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state.
(d) Any motor fuel upon which the motor fuel tax has not been paid as required by law.

. We do not pass judgment on the merits of the allegations, as appellee, Larry Joe Walker, testified in his behalf at the hearing following which the Rule to Show Cause was issued.

. Section 943.42, Florida Statutes (Supp.1980), provides:
Unlawful to transport, conceal, or possess contraband articles; use of vessel, motor vehicle, or aircraft. — It is unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.

.Subsection (e) includes as a “contraband article”:
Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.

. In Town of Micanopy v. Connell, 304 So.2d 478, 480 (Fla. 1st DCA 1974), the court said:
Rule 1.190, F.R.C.P., provides that leave to amend a pleading shall be freely given when justice so requires. This is generally interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless, of course, it is clear that a plaintiff will not be able to state a cause of action. As this court stated in Brown v. Montgomery Ward and Company, Fla.App. (1st), 252 So.2d 817, doubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused.
In Reid v. Reid, 396 So.2d 818, 819 (Fla. 4th DCA), pet. for rev. denied, 402 So.2d 612 (Fla. 1981), this court said:
It is clearly an abuse of discretion to refuse leave to amend except under very limited circumstances.

. Prior to the amendment, subsection (1) provided:
Sections 943.41-943.44 shall be known and may be cited as the “Florida Uniform Contraband Transportation Act.”
§ 943.41, Fla.Stat. (1979). As pointed out in State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981), the amendment was made, in part, ostensibly in response to the decision in Griffis v. State, 356 So.2d 297, 302 (Fla.1978), which had held:
vehicle forfeiture pursuant to Sections 943.41 through 943.44, Florida Statutes (1975), is permitted only upon a showing of “a nexus between the illegal drugs found in the car and the furtherance of an illegal drug ‘operation’.”

. Ch. 80-68, Laws of Fla.

. Section 943.44(1) provides:
The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the *538 seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final order of forfeiture by the court shall perfect the state’s right and interest in and title to such property and shall relate back to the date of seizure.
See, also, the analysis of our sister court in Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982).