LEHAN, Judge.
The state appeals from a denial of a petition for rule to show cause in this forfeiture action brought pursuant to sections 932.701-704, Florida Statutes (1981). We affirm. The trial court correctly denied the petition. The state failed to show that the vehicle contained a felony amount of contraband substance so as to show reasonable cause for forfeiture under sections 932.701-704 (the Florida Contraband Forfeiture Act).
The state argues that certain portions of the act, when read in isolation, may be construed as justifying forfeiture of a vehicle containing less than a felony amount of contraband. We disagree and hold that there may be forfeiture of a vehicle for transporting, concealing or possessing a contraband substance only if possession of the contraband constitutes a felony. City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983); Naples Police Department v. Small, 426 So.2d 72 (Fla. 2d DCA 1983); State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981). The legislature amended section 932.703(1), formerly section 943.43(1), in 1980. The current statute provides that a vehicle is subject to forfeiture when the possession of the contraband article constitutes a felony. Because the language referring to a “felony” was added when the statute was amended, we must presume that the legislature intended that the language be given effect. Legislative intent is determined from the statute in pari mate-ria, and every part of the statute must be given effect. State v. Gale Distributors, 349 So.2d 150, 153 (Fla.1977).
The state also argues that forfeiture was proper because the vehicle had been seen parked in front of, and the driver of the vehicle had been seen to approach, a residence which contained a substantial amount of cocaine and heroin and where a narcotics sale had been made recently. However, there was no probable cause shown of any nexus between the vehicle and the drugs in the house so as to justify forfeiture under section 932.701(2)(e). See City of Clearwater v. One 1980 Porsche, 426 So.2d 1260 (Fla. 2d DCA 1983). Although the state showed that the law enforcement officers suspected that the vehicle was used in connection with the drug activity in the house, mere suspicion is not enough to establish the requisite probable cause. See United States v. One 1975 Chevrolet, 495 F.Supp. 737, 740 (W.D.Mich.1980).
AFFIRMED.
CAMPBELL, A.C.J., and SCHOON-OVER, J., concur.