433 So.2d 33 (1983)
Jay Wilson WILLIAMS, Appellant,
v.
Claude W. MILLER, Sheriff of Brevard County, Florida, Appellee.
No. 82-1334.
District Court of Appeal of Florida, Fifth District.
June 16, 1983.
*34 Dan R. Warren and Craig Stephen Boda of Judge & Warren, P.A., Daytona Beach, for appellant.
Catherine A. Riley of Blumenthal, Schwartz & Riley, P.A., Titusville, for appellee.
COWART, Judge.
We affirm the forfeiture of appellant's pickup truck under section 932.703(1), Florida Statutes (1981), because there was evidence from which the trial judge, as trier of the facts, logically deducted the conclusion that appellant unlawfully transported, carried or conveyed § 932.702, Fla. Stat. (1981)) in his pickup truck, a controlled substance as defined in chapter 893, Florida Statutes, which is a "contraband article" as defined in section 932.701(2)(a), Florida Statutes (1981). Law enforcement officers testified a searched informant had no dilaudids on him when he entered appellant's pickup truck but did when he exited. See In re Forfeiture of 1979 Toyota Corolla Automobile Vin # KE 30619534, 424 So.2d 922 (Fla. 4th DCA 1982).
In addition to the $3,000 of marked funds given the informant in order to make the "controlled buy" of drugs, when arrested appellant also possessed $1,007.83. However, there was no competent evidence before the trial judge from which to draw a legal conclusion that the $1,007.83 had been, or was actually employed as, an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, and, therefore, contraband under section 932.701(2)(e), Florida Statutes (1981), and, accordingly, the order forfeiting that money is reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.