PER CURIAM.
Appellant challenges the sufficiency of the evidence to support the trial court’s order forfeiting appellant’s aircraft to George A. Brescher, Sheriff of Broward County.
The appellee demonstrated at the forfeiture hearing that the aircraft had a bladder tank (which increases fuel capacity and thus flying range), had no passenger seats, contained charts for air travel between Miami, the Bahamas and Columbia, and was registered in the name of a corporation which does not appear in the records of the Florida Secretary of State. A police witness testified that aircraft which smugglers use to import drugs typically have the same characteristics.
For purposes of the Florida Contraband Forfeiture Act, the term “contraband article” includes all controlled substances defined in Chapter 893, Florida Statutes. § 932.701(2)(a), Fla.Stat. (1981). It is unlawful to use an aircraft to transport, conceal or possess any contraband article, or to use an aircraft to facilitate the transportation, concealment or possession of a contraband article. § 932.702, Fla.Stat. (1981). An aircraft “which has been or is being used in violation of any provision of s 932.-702” shall be seized. § 932.703, Fla.Stat. (1981).
We have carefully reviewed the evidence presented below. Although the appellee proved that this aircraft looks like a smuggling plane, and could have been so used, we find no evidence that it ever had been so used. Mere ability to use property in violation of the act does not subject the property to forfeiture.
REVERSED.
ANSTEAD, C.J., and LETTS and DELL, JJ., concur.