LETTS, Judge.
The defendant was convicted of the grand theft of various kitchen appliances stolen from a new housing site whence they were transported in his pickup truck. Prior to trial he moved to suppress all evidence concerning those appliances, claiming they were the fruits of an illegal stop. The trial court disagreed as did this court when we affirmed in Thomas v. State, 437 So.2d 689 (Fla. 4th DCA 1983).
Now we entertain a second appeal emanating from the forfeiture of the defendant’s pickup truck pursuant to Sections 932.701-704, Florida Statutes (1981). We reverse.
The Sheriff of Palm Beach County initiated this particular action seeking a final order forfeiting the pickup truck. The evidence presented at the forfeiture hearing was the same given at the previous hearing on the motion to suppress, relative to the circumstances leading up to the deputy’s stopping of the vehicle and the arrest of the defendant. No direct testimony or evidence was brought forth there or at the forfeiture hearing as to how much the appliances were worth or whether they were in fact stolen.
The defendant, therefore, argues that there was no evidence that the truck was used to “facilitate” the commission of a felony because the evidence neither established that the appliances in the vehicle were stolen, nor how much they were worth. We agree.
In In re: Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983), we unequivocally held that in a civil in rem proceeding such as this the agency seeking the forfeiture bears the initial burden of showing probable cause that the res subject to forfeiture was illicitly used within the meaning of the forfeiture statute. Thereafter, if it does that, the burden shifts to the defendant to rebut the showing of probable cause. No such rebuttal was adduced in the case at bar, so that the single issue is whether the agency established probable cause to believe that the pickup truck was used to facilitate the commission of a felony. Section 932.701(2)(e).
The court below and this appellate court found that the officer had a founded suspicion to stop the defendant driving his truck. It was our view in Thomas v. State, supra, that after the officer heard the unconvincing explanation as to why the defendant had possession of the appliances coupled with knowledge that the construction site had been the target of prior vandalisms of appliances, he then had probable cause to arrest. This officer’s testimony was the only testimony offered at the forfeiture hearing. The usual test of probable cause is whether the facts and circumstances within the officer’s knowledge and of which he had reasonably trustworthy information are sufficient in and of themselves to warrant a man of reasonable caution to believe that an offense has been committed, Benefield v. State, 160 So.2d 706, 708 (Fla.1964). The probable cause standard is particularized under the forfei *1129 ture statute: probable cause to believe the truck was used to facilitate the commission of a felony. The initial necessary probable cause showing is not onerous: it is less than establishing a prima facie showing of the felony. Forfeiture is a civil remedy and the law does not require proof beyond a reasonable doubt to' sustain the petitioner’s case, Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1982), Tallahassee v. The Forfeiture of One Yellow 1979 Fiat, 414 So.2d 1100 (Fla. 1st DCA 1982). This initial showing of probable cause shifts the burden to the defendant. If the defendant by his proof successfully shifts the burden back to the petitioner, the petitioner then would have to establish by a preponderance of the evidence that the forfeiture statute was violated. Marks v. State, supra. Here the proof was inadequate even to meet the initial showing.
This substitute opinion is of course completely contra to its predecessor which we have withdrawn. However, the excellent petition for rehearing has made us see the error of our ways.
REVERSED.
DOWNEY, J., concurs.
HERSEY, J., dissents with opinion.