NIMMONS, Judge.
The trial court initially entered judgment for the state forfeiting a motor vehicle pursuant to Sections 932.701-932.704, Florida Statutes (1983), the “Florida Contraband Forfeiture Act.” However, the trial court granted rehearing, vacated the previous judgment and ordered the vehicle restored to the owner, Ludwig Oddo Baglioni. The state appeals from that order. We reverse.
Apparently, there were evidentiary hearings before the trial court prior to the entry of the judgment of forfeiture and upon rehearing. However, we have not been furnished with a transcript of such hearings. Counsel for the state makes the statement in his brief that “the factual issues [have] been resolved by stipulation of the parties.” Apparently, the stipulation referred to by the state consists of certain statements contained in a “memorandum letter” written to the trial court by Baglioni’s attorney in support of his motion for- rehearing. Counsel for the state quotes the following portion of opposing counsel’s letter in the statement of facts of his brief:
The facts necessary for the determination of this motion are very simple. The State, at the forfeiture hearing, proved that the owner of the vehicle in question, Ludwig Baglioni, transported a passenger to and from a local shopping center. That the passenger made contact with *146 undercover officers and proceeded to sell them some substance, apparently marijuana, for $20.00. The substance was contained in a brown paper bag which the passenger obtained from somewhere inside the vehicle in question.
We will assume those to be the facts inasmuch as Baglioni’s answer brief has no statement of facts section and does not otherwise take issue with such facts.
On rehearing in the trial court, Baglioni asserted, as he does on appeal, that the following portion of Section 932.703(1) is controlling:
(1) * * * In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.
And, since the parties also stipulated in the lower court that only 8.9 grams of marijuana was involved, Baglioni reasons that the above-quoted statutory provision is not satisfied.
But the fact that the above-quoted provision allows forfeiture of a vehicle in which a “felony amount” of marijuana is found does not preclude the operation of other provisions of the Act which do contemplate forfeiture of a vehicle used in a statutorily proscribed manner notwithstanding the fact that the possession of the contraband (in this case, marijuana) is not a felony. Under Section 932.702(3), it is unlawful to use a motor vehicle to facilitate the sale of any contraband article including any controlled substance regardless of the quantity and Section 932.703(1) specifically provides for the seizure of any motor vehicle “which has been or is being used in violation of any provision of s. 932.702.” See One 1976 Dodge Van v. State, 447 So.2d 984 (Fla. 1st DCA 1984). Further, Section 932.701(2) defines “contraband article” and includes the following:
(e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
The fact that only 8.9 grams of marijuana was involved in the instant case would not render subsection (e) inapplicable because the sale of any quantity of marijuana is a felony, and, apparently, evidence of sale of the marijuana was presented at one of the evidentiary hearings. From the skeletal facts which have been furnished us by the parties, it appears that the trier of the fact might well have found evidentiary support for forfeiture under the above additional provisions of the Act.
Insofar as the availability to the state of Section 932.701(2)(e) (quoted above) as a ground justifying forfeiture, Baglioni argues that since the operative provisions of 932.703(1) refer only to 932.701(2)(a)-(d), the provisions of (e) may not be relied upon as a basis for forfeiture. The Fourth District Court of Appeal has rejected a similar argument in In Re Forfeiture of One 1973 Mercedes, 423 So.2d 535 (Fla. 4th DCA 1982). That court pointed out that the 1980 Legislature, in overhauling much of the Act, added section 943.41(2)(e)[1] which thereby “expressly provides an additional basis on which to seize a motor vehicle.” The court went on to state:
Appellees accurately point out, however, that the legislature neglected to include any reference in section 943.43(1) to the newly added subsection 943.41(2)(d). They argue that such omission is fatal. While we concur in recognizing the omission, we find such to have been cured by section 943.44(1), Florida Statutes (Supp.1980).
*147 Id. at 537.[2] We agree with the reasoning of our sister court.
The trial court’s order denying forfeiture was, as articulated by the trial court, based upon the failure of the Legislature when it added Section 932.701(2)(e), to include reference to that new subsection in Section 932.703(1). This was error.
The order appealed is therefore reversed. On remand, the trial court will consider the evidence presented and determine the state’s entitlement to forfeiture based upon the construction of the pertinent provisions of the Act as discussed herein. REVERSED AND REMANDED.
THOMPSON, J., concurs.
BARFIELD, J., specially concurs.

. The Act, previously numbered Sections 943.-41-.44, was renumbered as Sections 932.-701-.704 by Chapter 80-68, Laws of Florida. *147 Section 943.41(2)(e) thus became Section 932.-701(2)(e).

. Section 943.44(1), relied upon by the Fourth District, was renumbered to 932.704(1) and provides:
"(1) The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, or such attorney as may be employed by the seizing agency, shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft, or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final order of forfeiture by the court shall perfect the state’s right and interest in and title to such property and shall relate back to the date of seizure.”