PER CURIAM.
This is an appeal from an amended final judgment ordering the State of Florida, Department of Natural Resources to return the motor vessel “Mayra” to the ap-pellee. The state alleged the vessel was used to possess, transport, carry or convey a controlled substance (marijuana), or to bring marijuana into the State of Florida, [§§ 893.13(l)(a)(2); 893.13(l)(d)(2), Fla.Stat. (1983)]. The trial court initially entered judgment for the appellant, forfeiting the motor vessel pursuant to sections 932.701-932.704, Florida Statutes (1983), the Florida Contraband Forfeiture Act. However, upon rehearing, the trial court vacated the initial judgment and entered an amended judgment ordering the return of the vessel to the owner/appellee.
The trial court found in its amended final judgment that: “the Final Judgment previously entered was in error in view of State v. Peters, 401 So.2d 838 [(Fla. 2d DCA 1981) ], ... additional evidence [was] not required,” citing Scott v. Cummings, 238 So.2d 449 (Fla. 1st DCA 1970), and Pensacola Chrysler-Plymouth v. Costa, 195 So.2d 250 (Fla. 1st DCA), cert. denied, 204 So.2d 211 (Fla.1967), and, having reviewed the transcript of the final hearing, “the State of Florida, Department of Natural Resources [had] failed to make a prima facie case.”[1]
The state’s points on appeal are (1) whether the testimony and evidence presented to the trial court at the final hearing were sufficient to establish a prima facie case of forfeiture of the vessel “Mayra”; (2) whether, on motion for rehearing, the court erred in finding that the burden of proof did not shift to appellee to come forward and establish that the “Mayra” was not involved in criminal activity; and (3) whether, on motion for rehearing, the court erred in reversing the final order of forfeiture without hearing additional testimony proferred by the state.
The several grounds relied upon by the state for reversal have been carefully con *17 sidered in the light of the record and briefs on appeal and we find that no reversible error has been shown. See Doersam v. Brescher, 468 So.2d 427 (Fla. 4th DCA 1985); In re Forfeiture of 1974 Ford Pickup Truck, 462 So.2d 1127 (Fla. 4th DCA 1984); In re Forfeiture of a Cessna 421 Aircraft, 450 So.2d 1138 (Fla. 4th DCA 1984); Wanicka v. One (1) 1979 Ford Bronco, 432 So.2d 581 (Fla. 2d DCA 1983); Mason v. Martino, 336 So.2d 396 (Fla. 3d DCA 1976); Elmore v. Palmer First National Bank and Trust Co. of Sarasota, 221 So.2d 164 (Fla. 2d DCA 1969).
Therefore, the amended final judgment appealed is affirmed.
Affirmed.

. The physical evidence before the trial court showed that only a small amount of marijuana (consisting of less than 20 grams, or a misdemeanor amount pursuant to section 893.-13(l)(f), Florida Statutes [1983]), was seized from the vessel. Further, the evidence was inconclusive with regard to whether the vessel had been outside of state waters prior to the seizure, and had brought the marijuana into the state. § 893.13(l)(d), Fla.Stat. (1983).