DOWNEY, Judge.
This is a timely appeal from a final judgment of the Palm Beach County Circuit Court ordering forfeiture of a 1976 Ken-worth tractor truck.
Pursuant to an ongoing investigation into truck theft, the Florida Highway Patrol notified appellants that they suspected a 1976 Kenworth tractor truck, registered to Brenda Hales, and an American trailer that it pulled had been stolen. The trailer was claimed by Brenda’s father, Hubert Hales. The units were impounded by the police and in due course this forfeiture proceeding was commenced.
The evidence adduced at the forfeiture hearing indicated that Brenda purchased the 1976 Kenworth tractor from a man named Arnold, intending to use it in her nursery business. The negotiations for the tractor were handled mainly for Brenda by her father, although she, too, discussed the purchase with Arnold. When the deal was agreed upon, Brenda gave Hubert the down payment to deliver to Arnold, and Hubert picked up the tractor. Brenda paid all of the installment payments on the balance of the $26,000 purchase price and the title was eventually taken in her name. The tractor was used in the nursery business for long distance hauling and was often driven by Hubert, who worked some in the nursery, or by Tommy Wells. The evidence also showed that the American trailer involved was sold by Wells to Hubert and had Wells’s name painted on the back. The trailer was used on various business trips in tandem with the Ken-worth tractor. Brenda denied any knowledge regarding the ownership of the trailer, but assumed it belonged to Wells because his name was on it.
*101 The evidence showed that Hubert never received the title to the trailer, and that Wells allegedly advised him the prior owner’s divorce litigation was delaying issuance of the new title. Additionally, the VIN numbers on the trailer had been changed. It was contended that Hubert should at least have known of the probability that the trailer was stolen. However, whatever knowledge Hubert had regarding the trailer, none of it was shown to have been shared by Brenda.
In its order, the trial court found that Hubert was a co-owner of the tractor truck with Brenda because he exercised every indication of ownership and control over it. Further, the court found that Hubert had either actual or constructive knowledge that the American trailer, which was pulled by the tractor, was stolen, and that Hubert’s knowledge of the stolen trailer, as a co-owner of the tractor truck, was sufficient to justify forfeiture of the tractor truck. Thus, the court held that “[t]he Kenworth tractor truck, is contraband in that it was used as an instrumentality in the commission of, or in aiding or abetting the commission of, the felony of Grand Theft/Possession of Stolen Property.”
Although a great deal is said about the trailer involved, the sole question on this appeal relates to the validity of the judgment vis-a-vis the Kenworth tractor truck. Appellants contend the record is simply devoid of any competent substantial evidence to support the finding that Hubert was a co-owner of the tractor truck, thereby imputing his knowledge of the stolen trailer to Brenda. The state concedes that co-ownership of the tractor truck is vital to its case. In its brief the state describes a summary of its argument as follows:
The trial court’s order of forfeiture was appropriate, based on evidence that Hubert Hales was a beneficial owner of the Kenworth truck; and that he had deliberately made himself ignorant or blind as to the stolen nature of the American trailer, by failing to investigate or inquire, despite the alterations in serial numbers, absence of vehicle identification plates, and his admissions as to doubts over the true ownership of the trailer. There was further evidence that the trailer was stolen, and that the tractor was used as an instrumentality in the commission, or aid or abetting, in the commission of grand theft, or possession of the stolen trailer.
We have carefully scrutinized the arguments and briefs of the parties and conclude there simply is insufficient evidence to support the state’s contention and the trial court’s finding that Hubert was a co-owner of the tractor truck. The uncon-tradicted proof is that Brenda was the legal title holder of the vehicle; she paid the down payment and all nine installment payments thereon. Her father merely assisted her in negotiating the purchase. He physically picked up the truck from Arnold and drove it to the nursery. He also drove it on business hauls for Brenda. The suspicions which the police harbored that Hubert had an interest in the tractor are simply not borne out by the evidence.
The law is well established that forfeitures are not favored and statutes providing therefor are to be strictly construed. Boyle v. State, 47 So.2d 693 (Fla.1950); Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980). Furthermore, the one seeking forfeiture has the burden of proof to establish that the vehicle sought to be forfeited is contraband because it has been used as an instrumentality in the commission of a felony. Crawford v. Sheriff of Orange County, 441 So.2d 646 (Fla. 5th DCA 1983). Mere suspicion is not enough to support a forfeiture. Wanicka v. One (1) 1979 Ford Bronco, Etc., 432 So.2d 581 (Fla. 2d DCA 1983).
Accordingly, the judgment forfeiting the Kenworth tractor truck as contraband is reversed.
HERSEY, C.J., and WALDEN, J., concur.