Mr. Joseph M. Gallenstein Chief of Police Largo Police Department Post Office Box 296 Largo, Florida 34294-0296
Dear Chief Gallenstein:
This is in response to your request for an opinion on substantially the following question:
 DOES THE FLORIDA CONTRABAND FORFEITURE ACT AUTHORIZE THE FORFEITURE OF PERSONAL PROPERTY IF THE VIOLATION INVOLVED IS POSSESSION OR TRANSPORTATION OF MISDEMEANOR AMOUNTS OF CANNABIS?
The Florida Contraband Forfeiture Act, ss. 932.701-932.704, F.S., authorizes the seizure and forfeiture of, and details the procedures to be used in seizing and forfeiting, vessels, motor vehicles, aircraft and other property which has been used or is being used in violation of s. 932.702, F.S. See, subsection (1) of s. 932.703, F.S., which in pertinent part provides: "Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702, or in, upon, or by means of which any violation of that section has taken or is taking place, as well as any contraband article involved in the violation, may be seized and shall be forfeited subject to the provisions of this act." Section 932.702, F.S., provides that it is unlawful to transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft; to conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft; to use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article; or to conceal or possess any contraband article.
Subsection (2) of s. 932.701, F.S., defines "contraband article" to mean, among other things,
 (a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893.
* * *
 (e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
Paragraph (e) of s. 932.701(2) which requires that the personal property in question has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission, of any felony, would not appear to be applicable under the facts presented in the instant inquiry since the violation involved is the mere possession or transportation of misdemeanor amounts of cannabis.
Thus, pursuant to the definition of "contraband article" in s.932.701(2)(a), F.S., the cannabis in question would have to be a "controlled substance" as defined in Ch. 893, F.S., or any substance which has been, is being, or is intended to be used in violation of any provision of Ch. 893. Subsection (4) of s.893.02, F.S., defines "controlled substance," to mean "any substance named or described in Schedules I through V of s.893.03." Schedule I of s. 893.03 in subsection (1)(c)3. lists "Cannabis." See, 893.02(3), F.S., for a definition of cannabis. And see, s. 893.13(1)(f), F.S., making it a misdemeanor "[i]f the offense is the possession or delivery without consideration of not more than 20 grams of cannabis. . . ." Thus, cannabis is a controlled substance as defined in Ch. 893 and the possession of cannabis, even in misdemeanor amounts, is a violation of Ch. 893. The definition of "contraband article" in s. 932.701, F.S., makes no distinction between small amounts of cannabis and larger amounts over 20 grams.
While cannabis in any amount is a contraband article for purposes of the Florida Contraband Forfeiture Act and the use of any vessel, motor vehicle, or aircraft to facilitate the transportation of any contraband article is proscribed by s.932.702(3), F.S., the courts have recently concluded that the act, specifically s. 932.703, F.S., "now requires forfeiture in cases where possession of contraband constitutes a felony." See, Department of Highway Safety and Motor Vehicles v. Pollack,462 So.2d 1199, 1201 (3 D.C.A. Fla., 1985), citing, In re Forfeiture of a 1977 Datsun, 280Z Automobile, 448 So.2d 78 (4 D.C.A. Fla., 1984); Williams v. Miller, 433 So.2d 33 (5 D.C.A. Fla., 1983); City of Clearwater v. Malick, 429 So.2d 718 (2 D.C.A. Fla., 1983); Naples Police Department v. Small, 426 So.2d 72 (2 D.C.A. Fla., 1983); State v. Peters, 401 So.2d 838 (2 D.C.A. Fla., 1981).
Prior to these decisions the controlling case on the issue of forfeiture of vehicles in which illegal drugs were found was Griffis v. State, 356 So.2d 297, 302 (Fla. 1978). In Griffis the Florida Supreme Court construed the predecessor provisions of the contraband forfeiture act as permitting the forfeiture of vehicles only upon a showing of "a nexus between the illegal drugs found in the car and the furtherance of an illegal drug `operation.'" In response, the Legislature substantially amended the Act to its present language. See, Ch. 80-68, Laws of Florida. The Florida Supreme Court recently stated that because of these amendments to the forfeiture act, Griffis is of dubious value, and receded from its earlier decision in Griffis. See, Duckham v. State,478 So.2d 347 (Fla. 1985). The Third District Court of Appeal in Department of Highway Safety and Motor Vehicles v. Pollack, supra, stated that "[t]he amendment [to the act] dictates that any motor vehicle in which a felony amount of a controlled substance is possessed `shall be contraband subject to forfeiture' and `shall be seized.'" The court relied on language of s. 932.703(1), F.S., specifically the fourth sentence of the subsection which provides: "In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture." The court considered the fourth sentence of s. 932.703(1), F.S., as a limitation upon the first sentence of that statute which authorizes the seizure and forfeiture of vessels, motor vehicles, aircraft and other personal property being used in violation of s. 932.702 and the definitions of "contraband article" contained in s. 932.701, F.S.
In In re Forfeiture of 1979 Mazda Auto, 453 So.2d 144 (1 D.C.A. Fla., 1984), the court held that while the fourth sentence of s.932.703(1) authorizes forfeiture of a vehicle in which a felony amount of marijuana (cannabis) is found, it does not preclude the operation of other provisions of the act which contemplate forfeiture of a vehicle used in a statutorily proscribed manner; thus, a motor vehicle used to facilitate the sale of any contraband article or used in violation of s. 932.702, notwithstanding the fact that possession of the contraband is not a felony, would still be subject to forfeiture. The court based its ruling on the grounds that the sale of any quantity of marijuana is a felony. The court failed to note, however, that s.932.702, also makes it unlawful to conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft, regardless of the quantity of the illegal drug. See also, State v. Peters, 401 So.2d 838, 840 (2 D.C.A. Fla., 1981). In Peters the trial court had reasoned that the deletion of the phrase "and may be forfeited" from the first sentence of s. 943.43(1), F.S. 1980 (now 932.703[1], F.S.), and the addition of paragraph (e) to s. 932.701(2) to the contraband forfeiture act by Ch. 80-68, Laws of Florida, evinced a legislative intent "to subject vehicles to forfeiture by the state only when they contain a felonious amount of contraband at the time of the seizure." The trial court in Peters had dismissed the petition because there were only three to five grams of cannabis present in appellee's vehicle at the time of the seizure. The district court reversed, determining that a felony amount of cannabis had apparently been transported earlier in the vehicle and therefore the vehicle was subject to forfeiture "since appellee's vehicle had apparently been employed [as an instrumentality or in aiding or abetting] in the commission of that felony. . . ."
This office is without the authority to interpret the statutes in a manner which is in conflict with current decisional law on this subject. Therefore, based upon the foregoing judicial decisions, I am constrained to conclude that, unless and until judicially construed otherwise or legislatively clarified, the mere possession of misdemeanor amounts of cannabis in or on any vessel, motor vehicle, aircraft, and other personal property, standing alone, is not a sufficient legal basis to subject such property to forfeiture under the Florida Contraband Forfeiture Act, ss.932.701-932.704, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General