PER CURIAM.
This is an appeal from an order denying damages in supplementary proceedings in a civil forfeiture action. We reverse and certify a question of great public importance to the Florida Supreme Court.
The appellant’s truck was seized and forfeited to the state in 1983. Upon appeal the forfeiture was reversed with directions that appellant be restored to possession of her truck. 487 So.2d 100 (Fla. 4th DCA). The trial court entered an order in July of 1986 directing the state to return the truck to appellant. The truck was not returned to the appellant until July 1988, despite the entry of several trial court orders requiring return of the truck in the interim. In addition, the appellant sought compensation for damages to the truck and loss of use, interest or depreciation of value of the truck for the period after the trial court ordered the *1084 truck returned. After initially scheduling an evidentiary hearing to determine the value of the truck and any interest due appellant, the trial court entered an order determining that no interest or other damages could be awarded.
We agree with appellee and the trial court that the appellant had no claim for the period from the initial seizure to the time of the trial court’s entry of an order in July of 1986 directing return of the truck. Wheeler v. Corbin, 528 So.2d 954 (Fla. 1st DCA 1988). However, we agree with appellant that she is entitled to include a claim for damages in the supplemental proceedings in these civil forfeiture proceedings incidental to her claim for return of her property and enforcement of the trial court’s order directing return of the property. Upon entry of the trial court’s order directing return of the property the state had no legal basis whatsoever for withholding the property for the next two years. We reject appellee’s claim that no claim for damages incidental to the wrongful detention of the property may be made in the supplemental proceedings to secure return of the property. Cf Miami Beach v. Bules, 479 So.2d 205 (Fla. 3d DCA 1985). In our view it defies common sense to require appellant to initiate independent legal proceedings involving the same identical parties in order to secure relief that is predicated upon the failure to comply with the trial court’s order directing return of the property. However, we certify that question as one of great public importance to the Florida Supreme Court so that the state may seek review:
May a party in a civil forfeiture proceeding present a claim for incidental damages based upon a violation of a trial court order directing return of the confiscated property?
ANSTEAD, LETTS and GLICKSTEIN, JJ., concur.