PER CURIAM.
We have for review In re Forfeiture of 1976 Kenworth Tractor Trailer Truck, 546 So.2d 1083 (Fla. 4th DCA 1989), which certified the following question of great public importance:
May a party in a civil forfeiture proceeding present a claim for incidental damages based upon a violation of a trial court order directing return of the confiscated property?
Id. at 1084. We rephrase the question as follows:
Does a trial court have jurisdiction to order a payment of damages based on the failure of the state over a two-year period to honor that court’s order returning confiscated property to its owner.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the affirmative, approve the result reached below, and remand for further proceedings.
Respondents’ vehicle was subjected to forfeiture proceedings. On December 7, 1984, the Florida Highway Patrol prevailed. Respondents later appealed. During the pendency of the appeal, on May 8, 1985, FHP obtained title to the vehicle and then transferred title to the Department of Transportation. DOT paid $4,500 in storage costs and $19,738.99 to make the truck safe and usable. Apparently, respondents never requested a stay pending appeal.
FHP lost its appeal in May 1986. Hales v. State ex rel. Florida Highway Patrol, 487 So.2d 100 (Fla. 4th DCA 1986). On July 22, 1986, the trial court entered an *262 order returning the vehicle to respondents. The order did not contain a date of compliance. Nothing more occurred until May 11, 1987, when FHP filed a motion seeking to add DOT as a necessary party.
On July 24, 1987, the trial court entered an amended order granting FHP’s motion and adding DOT as a party. FHP filed a third-party complaint against DOT on September 28, 1987.
On October 14, 1987, the respondents filed a Motion to Determine Damages. This motion asked for compensation for the loss of the use of the vehicle, depreciation and similar expenses.
On January 21, 1988, FHP filed a motion to strike for failure to comply with the sovereign immunity statute. § 768.28, Fla. Stat. (1987). On April 11, 1988, the trial court denied the motion and ordered DOT to return the truck to respondents within ten days. DOT challenged this with several motions.
On May 12, 1988, the trial court entered a final order denying these motions and again directing DOT to return the truck. It denied an award of interest or damages to respondents.
The truck was returned to respondents in July 1988, two years after the initial order requiring FHP to return the vehicle to respondents.
On appeal, the Fourth District reversed the trial court’s denial of damages. It found that the trial court should have awarded damages because the state had no lawful reason for withholding the vehicle for two years. In re Forfeiture, 546 So.2d at 1084.
We recently addressed a related question in Wheeler v. Corbin, 546 So.2d 723 (Fla.1989). However, the facts in Wheeler are significantly different from those in the present case. In Wheeler, the petitioner sought tort damages[1] for the impoundment of her vehicle for a period of 524 days from its initial seizure until the date the state lost the case on appeal. Id. (citing Wheeler v. State, 472 So.2d 847, 849 (Fla. 1st DCA 1985)). There was no claim in Wheeler that the state had failed to honor an order returning the vehicle to Wheeler, nor did Wheeler seek damages for any period of time after such an order was entered in her favor. See Wheeler, 546 So.2d at 724-25. Thus, Wheeler factually is distinguishable from the present case.
Accordingly, we must begin by examining the policy considerations on which Wheeler rested to determine if they apply equally to the present case. As then-Chief Justice Ehrlich noted in his special concurrence in Wheeler, “[t]he forfeiture process is analogous to that of arrest, i.e., it is a seizure of property (rather than of the person) for the purpose of controlling crime.” Id. at 725 (Ehrlich, C.J., concurring). Carrying the analogy further, Justice Ehrlich stated:
The subsequent acquittal of the defendant does not retroactively invalidate the arrest. Otherwise, “a public officer who instituted criminal proceedings would be liable in damages for malicious prosecution if the person against whom the proceedings were brought were acquitted. Such a state of affairs would be detrimental to the public interest, since public officers would be discouraged from performing their duties conscientiously.”
Id. (quoting Sponder v. Brickman, 214 So.2d 631, 632 (Fla. 3d DCA 1968)). Thus, Justice Ehrlich concluded that:
Loss of use of property is the natural and necessary consequence of its seizure by the government. If a governmental agency acts upon probable cause and in good faith in seizing property ..., it cannot be held liable for the loss of use of the property any more than it can be held liable for the deprivation of liberty inherent in the detention following arrest of a person alleged to have committed a crime.
Wheeler, 546 So.2d at 725-26.
Applying these general policies to the present case, it is readily apparent that *263 Wheeler is not dispositive of the issues at hand. Here we deal not with an impoundment based on probable cause, but an outright refusal of the state to return seized property to its lawful owner after ordered to do so by a court of competent jurisdiction. During the two years in which the state failed to comply with this order, the state continued to use and benefit from the truck, even though the truck equitably belonged to someone else.
The United States Constitution expressly provides that private property shall not “be taken for public use[ ] without just compensation.” U.S. Const, amend. V. Similarly, the Florida Constitution states that all natural persons have the right to acquire, possess and protect property, article I, section 2, Florida Constitution, and that no person may be deprived of property without due process of law. Art. I, § 9, Fla. Const. Article X, section 6(a) of the Florida Constitution further provides that “[n]o private property shall be taken except for a public purpose and with full compensation therefor paid to each owner....” This provision applies equally to real and personal property, including motor vehicles. See Flatt v. City of Brooksville, 368 So.2d 631 (Fla. 2d DCA 1979).
In this instance, it could not be more plain that the state deprived respondents of the use of their property for a period of two years after the court ordered the vehicle returned. Accordingly, we reject the state’s argument that respondents’ claim sounds exclusively in tort. What they raise is nothing less than a claim of inverse condemnation, which clearly is meritorious. Kirkpatrick v. City of Jacksonville, 312 So.2d 487 (Fla. 1st DCA 1975).
We believe that respondents’ Motion to Determine Damages should be treated as a counterclaim by supplemental pleading under Florida Rule of Civil Procedure 1.170(e).[2] Under this rule, the trial court has jurisdiction to entertain a claim arising after service of pleadings, as occurred in the present case. Our courts have used the rule in this manner in a similar, unsuccessful forfeiture proceeding. In re Forfeiture of 1978 Green Datsun Pickup Truck, 475 So.2d 1007 (Fla. 2d DCA 1985), review denied, 486 So.2d 598 (Fla.1986). Moreover, we believe the Florida Constitution dictates that a remedy of this type must exist under the facts of the present case. Art. I §§ 2, 9; art. X, § 6(a), Fla. Const.
Since the facts of this case fully justified the trial court in granting a counterclaim by supplemental pleading, the result reached by the district court is approved. The rephrased certified question is answered in the affirmative. We remand for further proceedings consistent with the views expressed herein.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., concurs with an opinion, in which OVERTON, J., concurs.

. She specifically refused to raise any constitutional claim. Wheeler v. Corbin, 546 So.2d 723, 724 n. 2 (Fla.1989).

. The rule provides:
A claim which matured or was acquired by the pleader after serving his pleading may be presented as a counterclaim by supplemental pleading with the permission of the court.
Fla.R.Civ.P. 1.170(e).