# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2024-1752

———————————————

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,

    Appellant,

    v.

WILLIAM MCADAM and CHRIS
COFFEE,

    Appellees.

———————————————

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

December 31, 2025

PER CURIAM.

Florida Fish and Wildlife Conservation Commission ("FWC") appeals a nonfinal order denying its motion to dismiss the complaint. FWC argues that Appellees failed to state a legally sufficient claim for both inverse condemnation and unjust enrichment. As to the inverse condemnation claim, we affirm. We reverse the trial court's ruling on the unjust enrichment claim, as barred by sovereign immunity. *See Heine v. Fla. Atl. Univ. Bd. of Trs.*, 360 So. 3d 412, 420 (Fla. 4th DCA 2023) ("[U]njust

enrichment claim premised on a theory of implied contract is . . . barred due to sovereign immunity.").

AFFIRMED in part and REVERSED in part.

KELSEY and LONG, JJ., concur; TANENBAUM, J., specially concurs with opinion.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

TANENBAUM, J., specially concurring.

The State generally is immune from suit. The Legislature possesses the authority to waive that sovereign immunity. *See* Art. X, § 13, Fla. Const. Regarding "actions at law" asserting *tort* liability, the Legislature has waived sovereign immunity under specified conditions. § 768.28(1), Fla. Stat. The Legislature also implicitly waives immunity when it authorizes a state agency (or, for that matter, a subdivision or municipality) to enter "express, written contracts." *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 6 (Fla. 1984); *see also Rojas v. Univ. of Fla. Bd. of Trs.*, 419 So. 3d 593, 604 (Fla. 2025) (noting "*Pan-Am*'s framework for [immunity] waiver-by-contract—with its focus on a properly authorized written contract"). Finally, "[s]overeign immunity does not exempt the State from a challenge based on violation of the federal or state constitutions, because any other rule self-evidently would make constitutional law subservient to the State's will." *Dep't of Rev. v. Kuhnlein*, 646 So. 2d 717, 721 (Fla. 1994).

The plaintiffs in this case allege that FWC, as part of its program to remove invasive Burmese pythons from the Everglades, erroneously killed their rare and valuable "Red Dragon" boa constrictor. Their claim for inverse condemnation fits easily within the constitutional-claim exception to the State's suit immunity. *Cf. In re Forfeiture of 1976 Kenworth Tractor Trailer Truck, Altered VIN 243340M*, 576 So. 2d 261, 263 (Fla. 1990)

2

(noting that constitutional guarantees against the government's taking of property without due process or without compensation apply to personal property and support claim for after-the-fact damages); *see Kirkpatrick v. City of Jacksonville Through Dept. of Hous. & Urb. Dev.*, 312 So. 2d 487, 489 (Fla. 1st DCA 1975), *cited approvingly by In re Forfeiture*, 576 So. 2d at 263; *see generally Dep't of Agric. & Consumer Servs. v. Mid-Florida Growers, Inc.*, 521 So. 2d 101, 103 (Fla. 1988) ("A taking of private property for a public purpose which requires compensation may consist of an entirely negative act, such as destruction."); *Palm Beach County v. Tessler*, 538 So. 2d 846, 849 (Fla. 1989) ("There is a right to be compensated through inverse condemnation when governmental action causes a substantial loss of access to one's property. . . ."). The trial court properly denied FWC's motion to dismiss this count to the extent the motion asserted sovereign immunity.

FWC nevertheless is immune from the plaintiffs' suit for unjust enrichment. A claim for unjust enrichment is neither an action at law nor one based on a written contract. *See Tipper v. Great Lakes Chem. Co.*, 281 So. 2d 10, 13 (Fla. 1973) (describing the remedy for unjust enrichment to be use of an implied contract (or "quasi-contract") as a "legal fiction," one that involves an obligation "imposed by law on grounds of justice and equity" and does "not rest upon the assent of the contracting parties"). The plaintiffs' equity claim does not fall within an exception to or legislative waiver of immunity, so it should be dismissed.

I specially concur not just to set out the true authority supporting the disposition but also to highlight a technical disagreement with how the majority characterizes the disposition. The order on review is a non-final, procedural order denying a motion to dismiss. It does not conclusively determine any legal rights or relationship between the parties, so there is nothing to "reverse"—that term making more sense when there is a need to "roll back" the exercise of judicial power and restore the parties to the *status quo ante* pending further trial-court proceedings. Moreover, it is odd to "affirm" part and "reverse" part of a "ruling" in a procedural order, especially where the trial court did not even expressly rule, one way or the other, on FWC's immunity arguments. We have jurisdiction because the order denied, generally, a motion that asserted—among other things—

3

entitlement to sovereign immunity. The order is improper simply because it failed to sustain FWC's claimed immunity from the unjust enrichment claim by dismissing it. The proper appellate remedy here is to vacate the procedurally defective non-final order and instruct the trial court to render an order denying the motion as to the takings count and granting it as to the unjust-enrichment count.

———————————————

Rhonda E. Parnell, Assistant General Counsel, Tallahassee; and Robert J. Sniffen and Kristen C. Diot of Sniffen & Spellman, P.A., Tallahassee, for Appellant.

Kenneth G. Oertel of Oertel, Fernandez, Bryant & Atkinson, P.A., Tallahassee; and Andrew J. Sando of Sando Law, P.A., Palm Beach Gardens, for Appellees.