SCHEB, Acting Chief Judge.
Appellant, Naples Police Department, challenges the trial court’s judgment denying the state’s petition to declare appellee’s vehicle forfeited. We reverse.
After arresting Herbert V. Small on June 9, 1981, the police searched his 1973 Buick and discovered twelve Methaqualone tablets in a briefcase in the trunk of his car. Small pled nolo contendere to a charge of possession of a controlled substance, a felony under section 893.13(l)(a)(2), Florida Statutes (1981).
Thereafter the state attorney, pursuant to section 932.704(1), filed a petition on behalf of the Naples Police Department seeking to have the court declare Small’s vehicle forfeited. The trial judge concluded that the evidence at the hearing revealed that Small’s automobile contained the contraband he was charged with possessing. However, the judge stated that “under those circumstances it showed possession alone.” The court ruled that there was “no evidence here to show that the automobile was used in facilitating the commission of the crime other than that’s the container in which it was placed.” The court then denied the forfeiture and this appeal ensued.
The forfeiture statute was formerly construed to require a showing that a seized vehicle was involved in trafficking before it could be forfeited. Griffis v. State, 356 So.2d 297 (Fla.1978). However, the statute construed in Griffis was revised in 1980 by the legislature to include a provision that if a vehicle contained a felony amount of contraband, then the state could forfeit the vehicle. State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981). Section 932.703(1), which became effective July 1, 1980, provides:
In any incident in which possession of any contraband article defined in § 932.-701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, and personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.
Since the evidence established that Small’s vehicle contained the contraband he was charged with possessing, the trial court erred in failing to declare it forfeited.
We reverse and direct the trial court to enter a judgment of forfeiture.
CAMPBELL and LEHAN, JJ., concur.