SCHOONOVER, Judge.
The appellant, Walter C. Heinrich, Sheriff of Hillsborough County, Florida, has appealed an order dismissing his petition for forfeiture of a motor vehicle pursuant to the Florida Contraband Forfeiture Act. We find that if the appellant can prove the *590 allegations of his petition, he is entitled to the relief requested, and accordingly, we reverse.
The appellant’s petition and attached affidavit allege that a detective with the Hillsborough County Sheriff’s Department, on three separate occasions, received cocaine from the appellee, Clifton Darnel Miller. On each of these occasions, the cocaine was delivered to the detective in the vehicle subject to these forfeiture proceedings.
The appellee’s answer to the petition stated that the vehicle was not significantly involved in the furtherance of an illegal drug trafficking operation, and therefore the forfeiture proceedings should be dismissed.
The trial court, without allowing the appellant to present any evidence supporting the allegations contained in his petition, dismissed the proceedings with prejudice. In the written order, the court assumed that the sheriff could establish all of the allegations contained in his complaint. However, the court ruled that, since the cocaine, 1.6 grams, could have been concealed in a pocket, a coat, or carried around in a paper bag, there was an insufficient nexus between the motor vehicle and the furtherance of an illegal drug trafficking operation.
If the appellant can prove the allegations of his petition, he is entitled to have the motor vehicle forfeited under the Florida Contraband Forfeiture Act. The fact that the cocaine was of such a quantity that it could be carried in the appellee’s pocket, coat, or a paper bag is not material under the current act. Hardcastle v. Kratz, 443 So.2d 1027 (Fla. 2d DCA 1983); Naples Police Dept. v. Small, 426 So.2d 72 (Fla. 2d DCA 1983); State v. Peters, 401 So.2d 838 (Fla. 2d . DCA 1981).
We accordingly reverse and remand for proceedings consistent herewith.
GRIMES, A.C.J., and CAMPBELL, J., concur.