HURLEY, Judge.
The City of Fort Lauderdale petitioned for forfeiture of appellee’s motor vehicle under the Florida Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes (1983), contending that the vehicle was used to conceal or possess a contraband article. The petition was denied and the City appeals. We reverse.
In criminal proceedings, appellee, Michael Allen Erice, was charged and convicted of possession of cannabis, a misdemean- or, upon a plea of nolo contendere. In subsequent civil proceedings,[1] the City sought forfeiture of Mr. Erice’s vehicle based on the underlying events leading to his criminal conviction. Essentially, the forfeiture petition alleged that police officers observed Mr. Erice in his automobile loading a cube of hashish into a pipe. Upon arresting Mr. Erice and searching the automobile, the officers seized two and one-half tablets containing diazepam and eight grams of hashish from the auto.
At the forfeiture proceeding, Mr. Erice admitted that hashish and diazepam were seized from his auto on the date in question. The trial court nevertheless denied the forfeiture on the theory that it had discretion to do so because of the small amount of drugs seized. We hold that the trial court erred by finding that it had discretion to deny the forfeiture, and therefore, reverse.
Section 932.703(1), Florida Statutes (1983), provides in pertinent part:
In any incident in which possession of any contraband article defined in § 932.-701-(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.
Since hashish and diazepam are “contraband articles” within the meaning of section 932.701(2)(a),[2] the vehicle was neces *79 sarily subject to forfeiture under 932.703(1) if possession of those substances constitutes a felony. Under section 893.13(l)(e) possession of any amount of diazepam or hashish is a felony of the third degree. The trial court therefore should have granted the City’s petition for forfeiture because section 932.703(1) specifically provides that vehicles falling within its ambit “shall be contraband subject to forfeiture.”
There is no exception for cases involving small quantities of drugs, provided a felony amount is at issue, cf. State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981), and a trial court is without authority to create an exception. In so holding, we observe that the forfeiture statute was amended in 1980 to provide that conveyances containing contraband articles “shall be contraband subject to forfeiture,” whereas it previously provided that such conveyances “may be forfeited.” [3] We think that the Legislature intended a mandatory connotation to attach to section 932.703 when it substituted the mandatory “shall” for the permissive “may.” See Neal v. Bryant, 149 So.2d 529 (Fla.1962); Florida Tallow Corp. v. Bryan, 237 So.2d 308 (Fla. 4th DCA 1970); see also Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. 1st DCA 1963).
Accordingly, we find that Mr. Erice’s vehicle was properly subject to forfeiture under section 932.703(1). See Naples Police Department v. Small, 426 So.2d 72 (Fla. 2d DCA 1983); City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983). Thus, we remand the case to the trial court for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. See In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars, 432 So.2d 1382 (Fla. 4th DCA 1983).

. Section 932.701 (2)(a) provides that a "contraband article" is any controlled substance as defined in chapter 893. Hashish is a controlled substance under section 893.03(l)(c), and dia- *79 zepam is a controlled substance under section 893.03(4)(h).