462 So.2d 1199 (1985)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Steven Ira POLLACK, Appellee.
No. 84-781.
District Court of Appeal of Florida, Third District.
January 29, 1985.
*1200 Paul A. Rowell and R.W. Evans, Tallahassee, for appellant.
Arthur E. Huttoe and John Lipinski, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) appeals an order denying its petition for forfeiture of Mr. Pollack's 1973 Mercedes Benz. We reverse.
On June 13, 1983, at approximately 2:45 a.m., Trooper Hollinger stopped Mr. Pollack's car when he observed him driving slowly and erratically. After conducting a field sobriety test, Hollinger placed Pollack under arrest. Pollack requested that his vehicle be towed and informed Hollinger that his car keys were in the vehicle. While searching for the keys, Hollinger found a red container filled with white powder on the front seat and three pills on the console in the passenger compartment. An inventory search at the jail led to discovery of a plastic bag containing white powder in Pollack's pocket. All of the substances tested positively as methaqualone.
The Department filed a petition for forfeiture basically alleging that Pollack had used his vehicle to facilitate the transportation, concealment and possession of a felony amount of methaqualone in violation of section 932.702, Florida Statutes (1981).[1] After hearing, the trial judge denied the *1201 petition, stating as his ground the Department's failure "to show that the vehicle was being used in a drug operation or was significantly involved in a criminal enterprise." The Department contends that the trial court erred by requiring such a showing. We agree.
In Griffis v. State, 356 So.2d 297 (Fla. 1978), the supreme court interpreted sections 943.41 through 943.44, Florida Statutes (1975), the predecessors to sections 932.701 through 932.704, Florida Statutes (1981), as permitting a forfeiture of vehicles only upon a showing of "a nexus between the illegal drugs found in the car and the furtherance of an illegal drug `operation'." The court discerned a legislative intent to provide for forfeiture of the "tools of the trade" of drug peddlers and traffickers. Consequently, the court reversed the judgment of forfeiture in Griffis, where the state showed only the possession of marijuana and cocaine while in a truck.[2]
In 1980, the legislature, in response to Griffis, amended the predecessor statutes. Ch. 80-68, §§ 1-3, Laws of Fla. The amendment dictates that any motor vehicle in which a felony amount of a controlled substance is possessed "shall be contraband subject to forfeiture" and "shall be seized." § 932.703, Fla. Stat. (1981). Its evident that the legislature has abrogated Griffis and the statute now requires forfeiture in cases where possession of contraband constitutes a felony. In re Forfeiture of a 1977 Datsun 280Z Automobile, 448 So.2d 78 (Fla. 4th DCA), review denied, 453 So.2d 43 (Fla. 1984); Williams v. Miller, 433 So.2d 33 (Fla. 5th DCA 1983); City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983); Naples Police Department v. Small, 426 So.2d 72 (Fla. 2d DCA 1983); State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981). But see Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984) (statute authorizing forfeiture is discretionary). While the penalty is admittedly harsh, the legislature has apparently decided that the forfeiture of vehicles for mere felony possession will be helpful in the fight against the trafficking, transportation, sale, use and possession of drugs. It is within their province to have so decided.[3]
Applying the statutes to the facts at hand, it is clear that Pollack's car is *1202 forfeitable contraband. Methaqualone is a controlled substance, the possession of which is a second degree felony. §§ 893.03(1)(d), 893.13(1)(a)1., Fla. Stat. (Supp. 1982). Consequently, the motor vehicle in which the methaqualone was located at the time of the seizure is contraband subject to forfeiture. §§ 932.701, 932.703(1), Fla. Stat. (1981). The fact that a felony amount of a controlled substance was possessed and transported is sufficient to require forfeiture, Heinrich v. Miller, 444 So.2d 589 (Fla. 2d DCA 1984); Malick; Small, absent a showing of lack of knowledge under section 932.703(2), Florida Statutes (1981). See, e.g., Weisz v. Miami Shores Village, 461 So.2d 138 (Fla. 3d DCA 1984). Pollack, on appeal, tries to bring himself within this subsection by arguing that he did not know the drugs were in the car. The trial court apparently rejected this argument as it was not a stated ground for denying the petition for forfeiture. We find such a rejection was proper because Pollack's testimony was insufficient to establish a lack of knowledge where, as here, some of the drugs were found on his person.[4] The Department met its burden of establishing probable cause that the vehicle was illegally used and Pollack failed to rebut that showing. See In re Forfeiture of Approximately Forty-Eight Thousand Nine Hundred Dollars ($48,900.00) in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983).
Finding that the trial court erred in requiring the Department to show use of the vehicle in a drug "operation" and that Pollack did not establish lack of knowledge, we reverse and remand with directions to enter a judgment of forfeiture.
SCHWARTZ, Chief Judge (specially concurring).
I concur in the conclusion that Pollack's vehicle is forfeitable as a matter of law, but only because of the methaqualone found on the front seat and console. I am not at all satisfied, however, that a vehicle may be forfeited merely because the driver (or, for that matter, any occupant with the owner's knowledge) has felony-contraband on his person. In this situation, it might well be thought that the vehicle is being used to transport the person, rather than, as the statute requires, the contraband. Since it is unnecessary to do so, I would therefore neither base the reversal in this case even in part upon the methaqualone in Pollack's pocket nor intimate a view as to whether that fact alone would lead to the same result.
NOTES
[1] Those portions of sections 932.701-703, Florida Statutes (1981) which are relevant to the discussion in this case are as follows:

932.701 Short title; definition of "contraband article". 
(1) Sections 932.701-932.704 shall be known and may be cited as the "Florida Contraband Forfeiture Act."
(2) As used in ss. 932.701-932.704, "contraband article" means:
(a) Any controlled substance as defined in chapter 893... .
932.702 Unlawful to transport, conceal, or possess contraband articles; use of vessel, motor vehicle, or aircraft.  It is unlawful:
(1) To transport, carry or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.
932.703 Forfeiture of vessel, motor vehicle, aircraft, other personal property, or contraband article; exceptions. 
(1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized... . In any incident in which possession of any contraband article defined in s. 932.701(2)(a)(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture... .
(2) No property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.
[2] The supreme court emphasized the express legislative intent to make Florida's forfeiture statute uniform with its federal counterpart. Griffis, 356 So.2d at 299. Somewhat mysteriously, however, the court failed to cite to the numerous federal cases which support forfeiture on a showing of mere possession. See, e.g., United States v. One 1976 Porsche 911S, 670 F.2d 810 (9th Cir.1979); United States v. One Clipper Bow Ketch Nisku, 548 F.2d 8 (1st Cir.1977); United States v. One 1957 Oldsmobile Automobile, 256 F.2d 931 (5th Cir.1958); Associates Investment Co. v. United States, 220 F.2d 885 (5th Cir.1955); United States v. One 1977 Chevrolet Pickup, 503 F. Supp. 1027 (D.Colo. 1980); United States v. One 1973 Jaguar Coupe, 431 F. Supp. 128 (S.D.N.Y. 1977); United States v. One 1975 Mercury Monarch, 423 F. Supp. 1026 (S.D.N.Y. 1976); United States v. One 1973 Dodge Van, 416 F. Supp. 43 (E.D.Mich. 1976); United States v. One 1971 Porsche Coupe Automobile, 364 F. Supp. 745 (E.D.Pa. 1973). Many of the cited cases also indicate that the courts have little, if any, discretion in forfeiture cases.
[3] The constitutionality of imposing forfeiture on one whose conduct is criminal has not been seriously questioned. United States v. One 1967 Porsche, Model 911-Targa, 492 F.2d 893, 894 (9th Cir.1974); One 1971 Porsche Coupe, 364 F. Supp. at 748; Parker v. State, 121 Ariz. 477, 591 P.2d 569, 573-74 (Ct.App. 1979). See also, Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) (upholding the constitutionality of Puerto Rico's forfeiture statute when applied to innocent property owners who had not done all that could reasonably be expected of them to prevent the illegal use of their property); but see, State v. One (1) Porsche 2-Door, 526 P.2d 917, 919 (Utah 1974) (questioning the constitutionality of providing for forfeiture in cases involving the possession of small amounts of drugs).
[4] Pollack's testimony on the issue was as follows:

Q: Do you deny possessing methaqualone on [sic] your vehicle or on your person at the time you were stopped and subsequently arrested by Trooper Hollinger?
A: I did not see these items that you are talking about.
The answer does not really respond to the question and it in no way negates knowledge of the presence of drugs in Pollack's pocket.