521 So.2d 138 (1988)
Richard CRENSHAW, Appellant,
v.
STATE of Florida, Appellee.
No. BM-281.
District Court of Appeal of Florida, First District.
January 19, 1988.
On Motion for Rehearing March 10, 1988.
*139 Barry Z. Rhodes, Pensacola, for appellant.
William P. White, Asst. State Atty., Pensacola, for appellee.
ZEHMER, Judge.
Richard Crenshaw appeals an order forfeiting his 1984 Volvo automobile to the Pensacola Police Department pursuant to its petition to show cause under sections 932.701, 932.702, and 932.703, Florida Statutes (1985). We reverse and remand for further proceedings.
The record before us shows the following facts: A confidential informant (not otherwise identified in the record) told the Pensacola Police Department that a suspect was carrying cocaine and driving the 1984 Volvo involved in this case. Several police officers then followed the vehicle and stopped it. Upon the request of the officers, Crenshaw stepped out of his car and was searched by them. The officers found a vial containing a small quantity of a substance suspected as being cocaine on his person. Crenshaw was arrested and charged with possession of cocaine and his automobile was taken into custody by the police department. This incident occurred on October 30, 1985. Thereafter, tests on the contents of the vial confirmed it was a small amount of cocaine. Crenshaw says that the amount of cocaine was less than one gram and he was carrying it for his personal use only. The amount of cocaine was not measured by the police because it was so clearly less than twenty-eight grams, the amount required to sustain a charge of trafficking.[1] While Crenshaw admitted possessing the cocaine for his personal consumption, he denied dealing in cocaine. He pled nolo contendere to a charge of possession.[2]
The Pensacola Police Department filed a petition to confirm forfeiture of Crenshaw's Volvo. The petition alleged in part:
[the automobile] was being employed as an instrumentality of the commission, or in aiding and abetting in the commission of a felony, or in the alternative, had been, was being, or was intended to be used in violation of Chapter 893, Florida Statutes.
At the hearing on the petition, Crenshaw admitted to a previous conviction and incarceration by federal authorities for possession of illegal drugs with intent to distribute, and the state introduced a certified copy of his conviction. Based on this evidence and the facts recited above, the trial judge ordered forfeiture by an order, which essentially repeated the language quoted from the petition, but made no specific factual findings in support of the stated conclusions.
This forfeiture proceeding is governed by the following provisions in Chapter 932, *140 Florida Statutes (1985). Section 932.701(2)(a) defines "contraband article" as including the cocaine here involved.[3] Section 932.702 provides that:
It is unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.
Section 932.703(1) provides:
Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702, or in, upon, or by means of which any violation of that section has taken or is taking place, as well as any contraband article involved in the violation, may be seized and shall be forfeited subject to the provisions of this act. All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act... . In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture. It shall be presumed in the manner provided in s. 90.302(2) that the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2)(a)-(d).
Section 90.302(2) identifies this presumption as a rebuttable presumption "affecting the burden of proof that imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact."
On this appeal Crenshaw argues essentially that the undisputed evidence shows that the small amount of cocaine found on him was for his personal use only and that no evidence was presented that the automobile was being employed as an instrumentality of the commission of a felony or that it was being used in violation of chapter 893, as alleged in the appellee's petition. Appellee counters that the statute contains no requirement that the vehicle be used to conceal or facilitate the illicit possession so long as the person possessing the contraband drug is found in the vehicle, and, relying primarily on the presumption accorded it in section 932.703(1), argues that illicit possession for any use whatsoever of less than one gram of cocaine while the possessor is in or upon a vehicle satisfies the forfeiture requirements in section 932.702-.703.
The forfeiture statute is supplemental to the criminal procedure law, is highly penal in nature, and must be strictly construed in favor of those against whom the penalty is to be imposed. Hotel and Restaurant Commission v. Sunny Seas No. One, 104 So.2d 570 (Fla. 1958); General Motors Acceptance Corp. v. State, 152 Fla. 297, 11 So.2d 482 (1943). The language in the present statute has been construed as not requiring the contraband article to be found in or upon the vehicle, or to be actually transported in the vehicle, because the fact that the vehicle was used to carry a person without the contraband to and *141 from the point of an illegal drug sale is sufficient to sustain a forfeiture on the theory that the vehicle was being used to facilitate an illegal sale transaction. E.g., Duckham v. State, 478 So.2d 347 (Fla. 1985); In re Forfeiture of 1977 Jeep Cherokee, 443 So.2d 1027 (Fla.2d DCA 1983). Use of a vehicle that is only "remotely incidental" to an illegal sale transaction involving the contraband article, however, has been found insufficient to support a forfeiture. City of Clearwater v. One 1980 Porsche 911SC, 426 So.2d 1260 (Fla.2d DCA 1983).[4] The principle to be drawn by distinguishing these decisions is that some nexus must be found to exist between the occupant's use of the vehicle and the prohibited criminal conduct beyond what may be characterized as remotely incidental use.
Thus it has been held that illicit delivery of cocaine to an owner while in his car on three separate occasions supported forfeiture, even though the amounts involved were small (1.6 grams), because such evidence was competent to prove that the vehicle was being used to facilitate a prohibited sale transaction, and "the fact that the cocaine was of such a quantity that it could be carried in the appellee's [owner's] pocket, coat, or a paper bag is not material under the act." Heinrich v. Miller, 444 So.2d 589 (Fla.2d DCA 1984).
Moreover, where small amounts of methaqualone were found on the front seat and console of the defendant's car, as well as on his person, forfeiture was held to be proper on the theory that the vehicle was being used to transport the illicit drugs. Department of Highway Safety and Motor Vehicles v. Pollack, 462 So.2d 1199 (Fla.3d DCA 1985). But Judge Schwartz observed in a concurring opinion
I am not at all satisfied, however, that a vehicle may be forfeited merely because the driver (or for that matter, any occupant with the owner's knowledge) has felony-contraband on his person. In this situation, it might well be thought that the vehicle is being used to transport the person, rather than, as the statute requires, the contraband.
462 So.2d at 1202.
Referring again to the statutory language, forfeiture will lie only if the vehicle is used either to transport, carry, convey, conceal or possess the illicit drugs, or to facilitate the transportation, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of the illicit drugs. Because the statute continues to require a nexus involving the occupant's use of the vehicle that is more than remotely incidental to the criminal conduct alleged, we agree with the observation by Judge Schwartz and hold that use of the vehicle must play some part in carrying out a prohibited criminal transaction involving the contraband drugs that is shown to be more than remotely incidental to an occupant's possession of illicit drugs for purely personal use.
We note the supreme court's opinion in Duckham v. State, 478 So.2d at 349, in which the court, based on the 1980 amendments to sections 932.701-.704 in chapter 80-68, Laws of Florida, receded in part from its prior opinion in Griffis v. State, 356 So.2d 297 (Fla. 1978), but we do not base our construction of sections 932.702 and .703 upon the legal theory espoused in Griffis. The addition of subparagraph (4) to section 932.702, making it unlawful simply to "conceal or possess any contraband article," did not clearly and unambiguously eliminate the necessity for any nexus or relationship between the concealment or possession of contraband drugs and an illicit use of the vehicle, so we conclude that the present forfeiture statute continues to be based upon the legal concept of such nexus in the sense discussed above.[5] The police department's petition *142 properly alleged such nexus, stating that Crenshaw's use or intended use of the vehicle was to aid in the commission of the criminal offense of possession. The alleged illicit use of the vehicle must then be proven to the satisfaction of the trial judge by a preponderance of the evidence viewed as a whole.
The police department, as the party petitioning for forfeiture, bears the burden of establishing probable cause that the vehicle was being illicitly used within the meaning of the forfeiture statute, but once such probable cause is established, the burden shifts to the defendant to prove, as a defense, that the vehicle was not in fact being used for such purpose. Dewey v. Department of Highway Safety and Motor Vehicles (Fla.2d DCA, October 21, 1987); Department of Highway Safety and Motor Vehicles v. Pollack, 462 So.2d 1199 (Fla.3d DCA 1985); In re Approximately Forty-eight Thousand Nine Hundred Dollars ($48,900) in U.S. Currency, 432 So.2d 1382 (Fla.4th DCA 1983). To meet its burden of proof, the department is entitled to show Crenshaw's possession of contraband cocaine and rely upon the rebuttable presumption provided in section 932.703(1) for the inference that Crenshaw's vehicle was being used or intended to be used for a prohibited purpose specified in the statute, i.e., "to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article."
It is clear, therefore, that Crenshaw's possession of cocaine while occupying the Volvo was sufficient to raise the rebuttable presumption that the vehicle was being used for a prohibited purpose and thus carry the police department's initial burden of establishing probable cause. But the question remains whether the record as a whole demonstrates that Crenshaw rebutted the presumption sufficiently to negate the department's reliance on it to prove its allegations that Crenshaw's vehicle was in fact "being employed as an instrumentality of the commission, or aiding and abetting in the commission of a felony" or that the vehicle "had been, was being, or was intended to be used in violation of Chapter 893, Florida Statutes."
The record is devoid of competent evidence that Crenshaw possessed the cocaine for any purpose other than his personal use, as he testified. No competent evidence of intent to perpetrate an illegal drug sale or transfer to others was presented.[6] It is not clear to us whether the trial court disbelieved Crenshaw's testimony, and for this reason rejected his defense that the vehicle played no part in the commission of the criminal offense of possession, or whether the court felt bound *143 under the statutory presumption to grant the forfeiture irrespective of Crenshaw's asserted defense and his credibility as a witness. Determination of this credibility issue is essential to resolving whether Crenshaw has sufficiently rebutted the presumption that his vehicle was being used for an illicit purpose. Because we cannot be certain that the trial court determined this credibility issue and made its decision to order forfeiture on a basis consistent with this opinion, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
THOMPSON and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
ZEHMER, Judge.
Appellee's motion for rehearing is denied. We note the following recent decision that supports the requirement of a nexus between the use of the automobile and the criminal activity relied on as the basis for forfeiture of the vehicle. See Martinez v. Heinrich, 521 So.2d 167 (Fla. 2d DCA, 1988).
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] § 893.135(1)(b), Fla. Stat. (1985).
[2] This charge is a felony. § 893.13(1)(e), Fla. Stat. (1985).
[3] Section 932.701(2)(a) defines contraband article as including "any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being or is intended to be used in violation of any provision in chapter 893."
[4] In Duckham v. State, the supreme court distinguished this decision without questioning its validity under the existing statutory language.
[5] To construe these sections as permitting forfeiture in the absence of any such nexus would require us to ignore the explicit statutory language requiring use or an intention to use the vehicle for a prohibited purpose specified in the statute. More importantly, however, lack of such nexus may present serious constitutional questions under various sections of the state and federal constitutions going to the validity of the statute. No constitutional arguments have been made on this appeal, however, and we intimate no view on any such issues.
[6] The police department's proof that several years before Crenshaw had been convicted in a federal criminal proceeding of participating in an illegal drug sale on one occasion was not competent proof that Crenshaw possessed less than one ounce of cocaine for that same purpose or with the intention to effect a prohibited sale or transfer of the drug on this particular occasion rather than solely for his personal use, as Crenshaw testified. Similar fact evidence of other crimes is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is solely to prove bad character or propensity. § 90.404(2)(a), Fla. Stat. (1985). General similarity does not qualify similar fact evidence for admission; rather, identifiable points of similarity must pervade the compared factual situations. Drake v. State, 400 So.2d 1217 (Fla. 1981); Garrette v. State, 501 So.2d 1376 (Fla.1st DCA 1987). Furthermore, for similar fact evidence to be admissible, there must be something so unique or particularly unusual about the perpetrator or his modus operandi that it would tend to independently establish that he committed the crime charged. Smith v. State, 464 So.2d 1340 (Fla.1st DCA 1985). We find nothing in the record to indicate that the drug sale which was the subject of Crenshaw's previous conviction contained unique or particularly unusual facts similar to the facts on which the present conviction was based. Rather, it appears that evidence of the prior conviction was admitted for the sole inadmissible purpose of proving Crenshaw's propensity to commit crime.