548 So.2d 223 (1989)
STATE of Florida, Petitioner,
v.
Richard CRENSHAW, Respondent.
No. 72181.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied November 1, 1989.
*224 Curtis A. Golden, State Atty., and Jerry T. Allred, Asst. State Atty., Pensacola, for petitioner.
William B. Richbourg, Pensacola, for respondent.
OVERTON, Justice.
This is a petition to review Crenshaw v. State, 521 So.2d 138 (Fla. 1st DCA 1988), in which the First District Court set aside the trial court's order of a forfeiture, holding that, before there can be a forfeiture of a vehicle for a felony possession of drugs found on a person in the vehicle, there must be a showing that the vehicle played some part in the drug activity. We disagree and find that the instant decision conflicts with Department of Highway Safety and Motor Vehicles v. Pollack, 462 So.2d 1199 (Fla. 3d DCA 1985); In re Forfeiture of a 1977 Datsun 280Z, 448 So.2d 78 (Fla. 4th DCA), review denied 453 So.2d 43 (Fla. 1984); City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983), and Naples Police Department v. Small, 426 So.2d 72 (Fla. 2d DCA 1983). We have jurisdiction.[1] We hold that the legislature intended for forfeiture to be an appropriate penalty where an individual possesses a felony amount of drugs while in a vehicle, even if the drugs are intended solely for personal use. The pertinent portions of the Florida Contraband Forfeiture Act, namely, sections 932.701-932.704, Florida Statutes (1985), are as follows:
932.701 Short title; definition of "contraband article". 
(1) Sections 932.701-932.704 shall be known and may be cited as the "Florida Contraband Forfeiture Act."
... .
932.702 Unlawful to transport, conceal, or possess contraband articles; use of vessel, motor vehicle, or aircraft.  It is unlawful:
(1) To transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) To conceal or possess any contraband article in or upon any vessel, motor vehicle, or aircraft.
(3) To use any vessel, motor vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) To conceal or possess any contraband article.
932.703 Forfeiture of vessel, motor vehicle, aircraft, other personal property, or contraband article; exceptions. 
(1) Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702, or in, upon, or by means of which any violation of that section has taken or is taking place, as well as any contraband article involved in the violation, may be seized and shall be forfeited subject to the provisions of this act... . In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband *225 subject to forfeiture. It shall be presumed in the manner provided in s. 90.302(2) that the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2)(a)-(d).
(Emphasis added.)
The unrefuted facts reflect that, after an informant gave the Pensacola Police Department information that the driver of a 1984 Volvo was carrying cocaine, the police stopped Crenshaw, the driver of that car, searched him, and found a vial of cocaine containing less than one gram on his person. Subsequently, the police arrested him for possession of cocaine, took his automobile into custody, and timely filed a petition for forfeiture. Crenshaw admitted possessing the cocaine for his own use. At the forfeiture hearing, he admitted to a prior federal conviction and prison sentence for possession of illegal drugs with the intent to distribute.
The First District Court of Appeal set aside the forfeiture ordered by the trial judge, stating that the "use of the vehicle must play some part in carrying out a prohibited criminal transaction involving the contraband drugs that is shown to be more than remotely incidental to an occupant's possession of illicit drugs for purely personal use." 521 So.2d at 141. The district court rejected the state's claim that section 932.702(4), a 1980 amendment to the forfeiture statute, eliminated the necessity to show a nexus between the possession of the drugs and the illicit use of the vehicle, reasoning that the amendment "did not clearly and unambiguously eliminate the necessity for any nexus or relationship between the concealment or possession of contraband drugs and an illicit use of the vehicle." Id.
The issue in this case is whether the provisions of Florida's Contraband Forfeiture Act direct vehicle forfeiture when the driver or occupant unlawfully possesses drugs constituting a felony on his person without evidence that the drugs were for sale or distribution.
Civil forfeitures of property belonging to defendants convicted of criminal offenses is not something new. Under the English common law, a convicted person's property could be confiscated even though it was not connected to the crime. See Comment, State and Federal Forfeiture of Property Involved in Drug Transactions, 92 Dickenson L.Rev. 461, 463 (1988) (citing I. Blackstone, Commentaries on the Laws of England 298-300 (1898)). Recently, the United States Supreme Court upheld the constitutionality of statutes allowing the pretrial restraint of criminal defendants' assets which the defendants plan to use to pay legal fees. See Caplin & Drysdale, Chartered, ___ U.S. ___, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); United States v. Monsanto, ___ U.S. ___, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989).
In Griffis v. State, 356 So.2d 297 (Fla. 1978), receded from, Duckham v. State, 478 So.2d 347 (Fla. 1985), we construed sections 943.41-943.44, Florida Statutes (1975),[2] to require a nexus and explained that mere possession of a controlled substance was insufficient to justify a forfeiture. We based that construction on the legislative intent of the statute, stating:
Although a literal reading of the language contained in Section 943.42, Florida Statutes (1975), would support the trial court's finding that the statute does not require that a vehicle be used in an illegal drug "operation," this literal reading must give way to the legislative intent in enacting the statute which is plainly to the contrary. To effect the legislative intent, we must construe Sections 943.41, et seq., Florida Statutes (1975), as requiring a showing by the State that the seized vehicle is involved in a drug trafficking operation before forfeiture can be ordered... .
*226 Griffis, 356 So.2d at 299. Our reasoning was in part controlled by language in chapter 943, which bound our forfeiture statute to the federal forfeiture provisions.
In 1980, the legislature substantially amended our forfeiture law. Subsequently, in Duckham v. State, 478 So.2d 347 (Fla. 1985), we held that the forfeiture of an automobile was an appropriate penalty for a defendant who solely used that automobile to take him to the location where the drug deal transpired. No drugs had been transported nor had any conversation taken place in the car. In permitting forfeiture, we noted that the legislature had substantially amended the relevant provisions of the forfeiture statute since Griffis, changing the title from "Florida Uniform Contraband Transportation Act," to "Florida Contraband Forfeiture Act," and adding paragraph (4) to section 932.702 "making it unlawful to `conceal or possess any contraband article.'" Id. at 349.
Since the amendment, three district courts of appeal have approved forfeitures when the drugs in the vehicle appeared to be possessed for personal use and no nexus with the vehicle was established. In In re Forfeiture of a 1977 Datsun 280Z, 448 So.2d 78 (Fla. 4th DCA), review denied, 453 So.2d 43 (Fla. 1984), the police observed an individual in the process of loading a cube of hashish into a pipe while in his automobile and eventually found two and one-half diazepam tablets and eight grams of hashish in the automobile. In approving forfeiture, the court stated: "There is no exception for cases involving small quantities of drugs, provided a felony amount is at issue." Id. at 79 (citation omitted). In City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983), the Second District Court permitted the forfeiture of a van where the owner and a friend were preparing to snort cocaine in the van when the police arrived. The district court held that the forfeiture act "provides for seizure and forfeiture of a vehicle when contraband is ... possessed in it, if possession of the contraband constitutes a felony." Id. at 719 (citations omitted). In Naples Police Department v. Small, 426 So.2d 72 (Fla. 2d DCA 1983), the police arrested Small and found twelve methaqualone tablets in a briefcase in the trunk of his automobile. The trial court denied forfeiture because the facts showed mere possession of the tablets. On appeal, the district court reversed and approved the forfeiture, stating that "if a vehicle contained a felony amount of contraband, then the state could forfeit the vehicle." Id. (citation omitted). In Department of Highway Safety and Motor Vehicles v. Pollack, 462 So.2d 1199 (Fla. 3d DCA 1985), a highway patrolman found methaqualone on the seat and the console of Pollack's vehicle while conducting an authorized search for Pollack's keys. The district court permitted a forfeiture and stated: "While the penalty is admittedly harsh, the legislature has apparently decided that the forfeiture of vehicles for mere felony possession will be helpful in the fight against the trafficking, transportation, sale, use and possession of drugs." Id. at 1201.
We find that the legislature unambiguously intended that a forfeiture is proper under the instant facts. Section 932.702(4), added in 1980, makes it unlawful "to conceal or possess any contraband article." Further, section 932.703(1) in pertinent part states: "In any incident in which possession of any contraband article defined in s. 932.701(2)(a)-(d) constitutes a felony, the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture." (Emphasis added.) We find that the legislative message was clear: possessing drugs, even solely for personal use, subjects individuals not only to criminal penalties but also to forfeiture of the vehicle, boat, or aircraft in which the drugs are found. It makes no difference whether the drugs are on the seat, in the console, or in the occupant's pocket.
Accordingly, we quash the decision of the district court of appeal and remand with directions to reinstate the forfeiture judgment entered by the trial court.
It is so ordered.
*227 EHRLICH, C.J., and McDONALD and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
KOGAN, Justice, dissenting.
I would approve the opinion of the First District Court of Appeal. The issue before us involves the tenuous balance between the right of the individual and the power of the state over the individual. The majority opinion cogently demonstrates how the balance is no longer an even one. However, the scales have tipped decidedly against the rights of the individual. Although I recognize that society's drug-related problems have escalated in recent years, I do not believe that an abandonment of basic legal principles is justified. For this reason, and the reasons which follow, I must respectfully dissent.
The majority opinion holds that in automobile forfeiture cases, a nexus between the occupant's use of the vehicle and the prohibited criminal conduct need not be shown. As authority for this ruling, the majority states that "the legislature unambiguously intended that a forfeiture is proper" despite the absence of any remote connection between the vehicle seized and the criminal conduct. Op. at 226. I do not find the forfeiture statute, when compared to the pre-1980 version of the statute, to be as clear as the majority believes. To the contrary, as I read each version of the forfeiture statute, I find that neither specifically mentions a nexus requirement.
Certainly, the 1980 amendment did not specifically remove the nexus requirement. The portion of the statute emphasized by the majority opinion simply permits forfeiture in felony possession cases where the contraband is found in the vehicle. However, the statute goes on to state that:
It shall be presumed in the manner provided in s. 90.302(2) [Rebuttable presumptions] that the vessel, motor vehicle, aircraft, or personal property in or on which such contraband article is located at the time of seizure is being used or was intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2)(a)-(d).
§ 932.703(1), Fla. Stat. (1985) (emphasis added). The language emphasized here would appear to require some connection between the forfeited vehicle and the prohibited activity. Thus, the nexus requirement is expressly included in the statute  that such a nexus exists by virtue of the presence of contraband in the vehicle  with the proviso that a rebuttable presumption arises in favor of the state. Under the majority view, the presumption is rendered unrebuttable, contrary to the provisions of the statute and to basic constitutional principles prohibiting conclusive presumptions.
Like the current statute, the pre-1980 version of the statute contains no express nexus requirement. Yet, in Griffis v. State, 356 So.2d 297 (Fla. 1978), receded from, Duckham v. State, 478 So.2d 347 (Fla. 1985), we concluded that some nexus must be shown because we found that the legislature clearly intended a nexus to be established between the vehicle to be forfeited and the criminal conduct before forfeiture can be permitted. It follows then that the same nexus requirement should apply to the amended statute. It is noteworthy that in this case the Pensacola Police Department believed that a connection between the vehicle and the criminal conduct was required because the Department alleged such nexus in its forfeiture petition. That petition stated Crenshaw's use or intended use of the vehicle was to aid in the commission of the criminal offense of possession.
Although the majority opinion relies heavily on what it calls unambiguous legislative intent, it provides no evidence of this intent to eliminate the nexus requirement. My review of the pertinent legislative history reveals the opposite intent. The version of the bill which later became the forfeiture statute at issue here originally contained language eliminating the nexus requirement: The vehicle shall be subject to seizure "regardless of the use or the degree *228 of involvement of such personal property in the furtherance of a criminal enterprise." Fla. SB 93 (1980). However, by amendment this language was stricken in the Senate Ways and Means Committee at the request of the bill's sponsor, Senator Steinberg. Fla. CS for SB 93 (1980). The language which now appears in the statute, providing for the rebuttable presumption of the presence of a nexus, was inserted by this committee as a substitute.
The amendment, which struck the original language eliminating the nexus requirement and added the rebuttable presumption, was voted on by the full senate. The senate rejected the original language, passing the committee amendment by a vote of forty to zero. Fla.S.Jour. 485 (Reg.Sess. 1980). In doing so, the entire senate was required to consider the elimination of the nexus requirement in forfeiture cases. The unanimous vote is evidence that each member favored retaining the nexus requirement so long as the rebuttable presumption in favor of the agency seeking forfeiture was included.
Thus, contrary to the result reached by the majority, the legislative history supports the conclusion that the nexus requirement was not intended to be eliminated. Rather, the legislature unambiguously intended to retain the nexus requirement and to adopt the presumption that now is embodied in the forfeiture statute. The majority opinion ignores this clear legislative intent so that it may reach the result it believes is best, although the result in my opinion is incorrect.
The majority opinion also relies heavily on our opinion in Duckham v. State, 478 So.2d 347 (Fla. 1985), in which we held that the defendant's car was subject to forfeiture when he used the car to convey him to the location of a drug transaction, even though no drugs had been transported in the car. In that case we specifically held that the car had been used to facilitate an illegal transaction. Id. at 349. Thus, as recently as 1985, subsequent to the amendment of the forfeiture statute, we allowed a forfeiture only after finding a nexus between the vehicle and the criminal activity. Nothing in the statute has changed since 1985 to permit a dramatic turnaround in its interpretation. Contrary to assertions by the state, this Court in Duckham did not recognize any legislative intent to allow forfeiture of a vehicle based on the mere felony possession of contraband inside the vehicle. That case did not involve a situation where the nexus requirement was lacking.
After Duckham, it is clear that the requirement of establishing a nexus is not a difficult burden to carry. Nonetheless, I believe a nexus must be proven. The statute, by creating a rebuttable presumption in favor of the petitioning party, effectively shifts the burden to the defendant to prove that a nexus is lacking. The flaw in the majority opinion is that it eliminates the nexus requirement altogether by rendering the presumption conclusive, a result that is neither expressed in the statute nor intended by the legislature.
One further aspect of the majority opinion deserves discussion. Although Crenshaw has not raised any issues pertaining to the constitutionality of the forfeiture statute, I believe the majority's interpretation of the statute raises serious problems involving double jeopardy. The United States Supreme Court recently decided the case of United States v. Halper, ___ U.S. ___, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In that case, the court held that the government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based upon the same conduct and receive a judgment that is not rationally related to the goal of making the government whole. The Court stated that to do so would violate the double jeopardy clause of the fifth amendment to the United States Constitution because such action imposes dual punishment for the same conduct.
Central to the Court's reasoning in Halper is the premise that the civil proceeding is penal in nature, rather than remedial. The Court placed special emphasis on the fact that the civil penalty was assessed in a second, separate proceeding. Id. at ___ n. 10, 109 S.Ct. at 1903 n. 10, 104 L.Ed.2d at *229 503 n. 10. Although the Halper case involves a civil false claims statute rather than a forfeiture statute, the reasoning applies to forfeiture with equal force. Forfeiture cannot be called a remedial sanction. The purpose of forfeiture is not to make the state "whole," but rather it is intended to deter drug possessors, sellers, and smugglers by seizing their assets and thus penalizing them financially. The state has not been harmed financially due to Crenshaw's possession of a small quantity of cocaine. Because the forfeiture statute is clearly intended to be penal in nature rather than remedial, the double jeopardy clause of the federal Constitution is implicated. The sole question here, as it was in Halper, is whether the civil penalty assessed against Crenshaw constitutes a prohibited second punishment. Id. at ___, 109 S.Ct. at 1897, 104 L.Ed.2d at 496.
The Court in Halper rejected the government's contention that criminal punishment can only be meted out in criminal proceedings. It is clear that the forfeiture statute in question here is penal in nature despite the civil proceeding in which it clothes itself. The penalty of forfeiture imposed by the statute in this case becomes a punishment because "it exceeds what `could reasonably be regarded as the equivalent of compensation for the Government's loss.'" Id., 109 S.Ct. at 1897, 104 L.Ed.2d at 496. (quoting United States ex rel. Marcus v. Hess, 317 U.S. 537, 554, 63 S.Ct. 379, 389, 87 L.Ed. 443, 455 (1943). (Frankfurter, J., concurring)). This forfeiture is, in my view, a second punishment and is prohibited by the double jeopardy clause of the fifth amendment to the United States Constitution.
The United States Supreme Court has also recently held that attorney's fees are properly subject to forfeiture under the federal forfeiture statutes and that such forfeiture does not violate the defendant's fifth amendment due process rights or sixth amendment right to counsel of his choice. However, the Court did not address the issue of double jeopardy. United States v. Monsanto, ___ U.S. ___, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); Caplin & Drysdale, Chartered v. United States, ___ U.S. ___, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). In the few cases which have addressed forfeiture in terms of double jeopardy, the United States Supreme Court has found that the double jeopardy clause did not apply because the forfeiture proceedings were in rem proceedings, intended to be remedial rather than punitive. United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). In each of those cases, the forfeiture was in fact remedial and rationally related to the criminal conduct. Here, there is specifically no rational relationship between the forfeited property and the criminal conduct. Thus, the civil penalty of forfeiture is considered punitive, as was the civil penalty imposed in Halper.
As noted, Crenshaw has not raised any constitutional issues. Nonetheless, I am convinced that the majority's interpretation of the statute is both incorrect and unconstitutional. It is incorrect because it ignores the clear legislative intent to require that a nexus be shown between the conduct and the forfeited property. It is unconstitutional because it punishes twice for the same conduct.
Accordingly, I would approve the well-reasoned opinion of the First District Court of Appeal. As the court below stated, "[i]t is clear, therefore, that Crenshaw's possession of cocaine while occupying the Volvo was sufficient to raise the rebuttable presumption that the vehicle was being used for a prohibited purpose... ." Crenshaw v. State, 521 So.2d 138, 142 (Fla. 1st DCA 1988). The question remains whether Crenshaw successfully rebutted the presumption by a preponderance of the evidence viewed in its entirety.
I fully agree with Judge Zehmer's opinion, writing for the unanimous district court panel, wherein he states that "use of the vehicle must play some part in carrying out a prohibited criminal transaction involving the contraband drugs that is shown to be more than remotely incidental to an *230 occupant's possession of illicit drugs for purely personal use." Id. at 141.
SHAW and BARKETT, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] These sections were amended in 1980 and subsequently renumbered as 932.701-932.704.