PATTERSON, Judge.
The Sheriff of Manatee County sought to have Guy Freeman’s car forfeited under section 932.703, Florida Statutes (1987), after Deputy Livingston arrested Freeman for possessing cocaine. Freeman was driving his car when Deputy Livingston pulled him over. Freeman got out of the car and ran, carrying a clear plastic bag of rock cocaine. He later testified that he was on his way to his girlfriend’s house without any intent to sell or use the drugs and did not “pull” the cocaine from anywhere in the vehicle. The trial court, relying on Crenshaw v. State, 521 So.2d 138 (Fla. 1st DCA 1988) (Crenshaw I), found that the department failed to show that the car played a part in Freeman’s possession of the cocaine, and denied the forfeiture.
In State v. Crenshaw, 548 So.2d 223 (Fla.1989), the supreme court quashed Crenshaw I, saying:
[T]he First District Court set aside the trial court’s order of a forfeiture, holding that, before there can be a forfeiture of a vehicle for a felony possession of drugs found on a person in the vehicle, there must be a showing that the vehicle played some part in the drug activity. We disagree_ We hold that the legislature intended for forfeiture to be an appropriate penalty where an individual possesses a felony amount of drugs while in a vehicle, even if the drugs are intended solely for personal use.
548 So.2d at 224. See also, City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983); Naples Police Dep't. v. Small, 426 So.2d 72 (Fla. 2d DCA 1983).
We, therefore, reverse and remand with instructions to enter a judgment of forfeiture in favor of the Sheriff of Manatee County.
RYDER, A.C.J., and FRANK, J., concur.