PER CURIAM.
The City of Cape Coral appeals a circuit court order denying its petition for forfeiture of a 1986 Pontiac Firebird. We reverse.
The Pontiac currently is the property of appellee Terry Burgess. On July 13, 1990, a Cape Coral police officer observed Burgess sitting in the parked Pontiac holding a plastic bag of cocaine. Burgess entered a no contest plea to felony possession charges and was placed on probation. During the course of the criminal prosecution the city instituted forfeiture proceedings against the automobile.
The order being appealed declares that Burgess “was punished for the possession *1179 of ... cocaine” and that “takpng] his vehicle would be additional punishment” in violation of constitutional double jeopardy provisions. The circuit court further found that the city “did not present any testimony regarding the costs of the investigation” as proof “that the forfeiture was necessary to make the government whole.”
Although it is not cited in the order, it appears the circuit court relied primarily upon United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Halper was convicted of filing false claims for Medicare reimbursement. In addition to double damages the relevant statute assesses a $2,000 civil penalty for each separate false claim regardless of the amount of that claim. Because Halper had filed 65 claims, he was ordered to pay $130,000 even though the total amount of the over-billing was only $585. The Supreme Court found this penalty “so extreme and so divorced from the government’s damages and expenses as to constitute punishment.” 490 U.S. at 442, 109 S.Ct. at 1895, 104 L.Ed.2d at 497. The holding in Halper has been succinctly described as “a rule for the rare case ... where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused.” United States v. Furlett, 781 F.Supp. 536, 539 (N.D.Ill.1991).
Halper is not a civil forfeiture case, a fact we deem dispositive of this appeal. As noted in United States v. A Parcel of Land With a Building Located Thereon at 40 Moon Hill Road, Northbridge, Massachusetts, 884 F.2d 41, 43 (1st Cir.1989), “prior to Halper, the Supreme Court had specifically held that the doctrine of Double Jeopardy does not apply to a civil forfeiture proceeding.” See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984).
In attempting to extend Halper to the facts of the present case, Burgess appears to attach great significance to occasional descriptions of forfeiture as a “penalty.” See, e.g., State v. Crenshaw, 548 So.2d 223, 226 (Fla.1989).[1] However, we have previously found, and the greater weight of authority holds, that statutory forfeiture provisions are intended to serve a remedial rather than punitive purpose. DeLisi v. Smith, 423 So.2d 934 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 887 (Fla.1983) (forfeiture under RICO Act). A forfeiture proceeding constitutes “a civil, in rem action that is independent of any factually related criminal actions.” United States v. One 1974 Porsche 911-S Vehicle, 682 F.2d 283, 285 (1st Cir.1982). Accordingly, it does not “trigger the panoply of constitutional safeguards present in criminal actions.” U.S. v. A Parcel of Land, 884 F.2d at 83.
For these reasons, we hold that the circuit court erred in applying a double jeopardy analysis and in requiring the city to present proof of actual loss incurred in investigating Burgess’s criminal misconduct. We reverse the order denying the city’s petition for forfeiture of the Burgess vehicle and remand this case for a determination of that petition on the merits.
Reversed.
SCHOONOVER, C.J., and CAMPBELL, J., concur.
ALVAREZ, F. DENNIS, Associate Judge, concurring in part and dissenting in part with opinion.

. The supreme court in Crenshaw upheld a civil forfeiture under facts quite similar to those in the case at bar. However, the central issue in Crenshaw was not double jeopardy, but whether it is necessary to prove any substantial nexus between the unlawful act and the property being forfeited. Justice Kogan, dissenting, questioned whether forfeiture was truly a "remedial sanction” in cases such as this and suggested that Halper poses potential problems for the government. Our research reveals only one other Florida case mentioning Halper, In re: The Forfeiture of one 1986 Pontiac Trans-Am Automobile, VIN 1G2FW87H8GN235105, 579 So.2d 926 (Fla. 4th DCA 1991), wherein the district court rejected the Halper argument on the authority of Crenshaw. However, Halper was not discussed by the majority in Crenshaw, probably because it had not been addressed by the trial or intermediate appellate court.