NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re forfeiture of:                              )
1994 Ford Explorer, Identification               )
No. 1FMCU22XXRUC62178                             )
_____)
                                                 )
DAVID GEE, SHERIFF OF                            )
HILLSBOROUGH COUNTY,                             )
                                                 )
              Appellant,                          )
                                                 )
v.                                               )          Case No. 2D15-2085
                                                 )
RAYMOND T. GRANTLAND and                         )
ROXANNE M. CANTRELL,                             )
                                                 )
              Appellees.                          )
_____)

Opinion filed November 9, 2016.

Appeal from the Circuit Court for
Hillsborough County; Elizabeth G. Rice,
Judge.

Olivier F. Lindeman, Tampa, for Appellant.

No appearance for Appellees.


SALARIO, Judge.

          The Sheriff of Hillsborough County appeals a final order dismissing a

complaint seeking the civil forfeiture of a 1994 Ford Explorer based upon the trial court's

conclusion that there was no probable cause to support the seizure. We hold that the complaint and accompanying affidavits, aided by a statutory presumption that the vehicle was used to transport contraband, adequately established probable cause. We therefore reverse.

The sheriff's office seized the vehicle when the driver and two passengers were arrested for traffic and narcotics offenses. Pursuant to the Florida Contraband Forfeiture Act, §§ 932.701-.7062, Fla. Stat. (2014) (the Forfeiture Act), the sheriff filed a complaint for civil forfeiture of the vehicle along with the affidavits of three deputies that verified the material factual allegations of the complaint. See § 932.704(5)(a).

The verified factual allegations state that the vehicle was involved in a traffic stop, which resulted in one of the deputies determining that the driver had a suspended license. The driver was placed under arrest. During an inventory search of the vehicle, the deputies found paraphernalia with light white residue in the driver's purse, crumpled up currency containing three small bags of heroin in the back seat, and a red straw coated in heroin residue in one of the passenger's purses. The driver was arrested for possession of paraphernalia in violation of section 893.147(1), Florida Statutes (2014), and driving on a suspended license in violation of section 322.34(1), Florida Statutes (2014). The two passengers were each arrested for possession of a controlled substance in violation of section 893.13(6)(a) and possession of paraphernalia in violation of section 893.147(1). The arresting deputy, believing that the vehicle was used as an instrumentality in the commission of a felony or had a nexus to illegal narcotics activity, seized the vehicle for forfeiture proceedings.

After the forfeiture complaint was filed, the trial court was required by the Forfeiture Act to determine whether there was probable cause to support the seizure. See §§ 932.703(2)(a), .704(5)(b). Under the Forfeiture Act, that determination is to be made after an adversarial hearing, if such a hearing is requested by a party, and upon a review of the complaint and verifying affidavits if not. See § 932.704(5)(b). No adversarial hearing was requested. After reviewing the complaint and affidavits, the trial court entered an order finding no probable cause to support the seizure because, in its view, there was "insufficient direct or circumstantial evidence that the vehicle was used as an instrumentality in the commission of the crime of possession of a controlled substance or had a nexus to illegal narcotics activity to support a finding of probable cause for forfeiture." It later entered a final order dismissing the case based on the lack of probable cause.

Forfeiture proceedings move forward in two stages: a seizure stage and a forfeiture stage. See Gomez v. Vill. of Pinecrest, 41 So. 3d 180, 184 (Fla. 2010). At the seizure stage, the trial court determines whether the seizure is supported by probable cause to believe that the property has been used in violation of the Forfeiture Act. In re Forfeiture of $221,898 in U.S. Currency, 106 So. 3d 47, 48-49 (Fla. 2d DCA 2013). As noted, whether the trial court conducts an adversarial hearing or simply reviews the complaint and verifying affidavits to make the probable cause determination at this stage depends on whether a hearing is requested. See §§ 932.703(2)(a), .704(5)(b). If probable cause exists, the case moves to the forfeiture stage, where the seizing agency must then establish by "clear and convincing evidence that the contraband article was

being used in violation of the . . . Forfeiture Act." § 932.704(8); see also Gomez, 41 So. 3d at 184.

Here, the sheriff challenges the trial court's seizure-stage determination, made without an adversarial hearing, that there was no probable cause to seize the vehicle. The probable cause standard applicable at the seizure stage requires only "a showing of a 'sufficient probability to warrant a reasonable belief' that the property was used in violation of the . . . Forfeiture Act." In re Forfeiture of Forty-Seven Video Redemption Games, 799 So. 2d 221, 222 (Fla. 2d DCA 2001) (emphasis omitted) (quoting In re Forfeiture of $171,900 in U.S. Currency, 711 So. 2d 1269, 1274 n.8 (Fla. 3d DCA 1998)). The required showing is something "less than a prima facie case, but more than a mere suspicion." In re Forfeiture of Seven Thousand Dollars U.S. Currency, 942 So. 2d 1039, 1042 (Fla. 2d DCA 2006). We review the trial court's application of the probable cause standard to the facts de novo. Id.

We conclude that the complaint and verifying affidavits were sufficient to show probable cause that the vehicle was used to transport heroin in violation of the Forfeiture Act.[1] It is a violation of that act "[t]o transport, carry, or convey any contraband article in, upon, or by means of any . . . motor vehicle." § 932.702(1). A "contraband article," in turn, includes "[a]ny controlled substance as defined in chapter 893." § 932.701(2)(a)(1). Heroin is a controlled substance under chapter 893.

---

[1]We note that the facts may implicate theories that the vehicle was used in connection with the concealment or possession of a contraband article or as an instrumentality in the commission of or in aiding and abetting the commission of a felony or violation of the Forfeiture Act. See § 932.702(2), (4). We also note that the statutory definition of contraband article would extend to drug paraphernalia in certain circumstances. See § 932.701(2)(a)(1). Because we resolve this case on the grounds stated in the text, we express no opinion on these theories and issues.

§§ 893.02(4), .03(1)(b)(11).  Thus, if it was reasonable to believe based on the verified factual allegations of the forfeiture complaint that the vehicle was used to transport heroin, there was probable cause to support the seizure.  Cf. State v. Crenshaw, 548 So. 2d 223, 226 (Fla. 1989) (holding that possession of cocaine justified forfeiture of vehicle even though vehicle itself did not play a part in narcotics activity).

On that score, the sheriff benefits from a statutory presumption that the vehicle was used to transport heroin.  Section 932.703(4) provides as follows:

> In any incident in which possession of any contraband article defined in s. 932.701(2)(a) constitutes a felony, the . . . motor vehicle . . . in or on which such contraband article is located at the time of seizure shall be contraband subject to forfeiture.  It shall be presumed in the manner provided in s. 90.302(2) that the . . . motor vehicle . . . in which or on which such contraband article is located at the time of seizure is being used or was attempted or intended to be used in a manner to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article defined in s. 932.701(2).

(Emphasis added.)  Possession of heroin in any amount is a felony, § 893.13(1)(a)(1), and the statutory presumption thus applies here.  Under section 90.302(2), which governs presumptions affecting the burden of proof, the burden rests on the claimants to prove that it was not used to transport heroin.  See also RBC Ministries v. Tompkins, 974 So. 2d 569, 572 (Fla. 2d DCA 2008) (holding that section 90.302(2) places the burden of proof on the person against whom the presumption operates).

The record reflects that the claimants were served with the forfeiture complaint but that neither requested an adversarial hearing nor even appeared in the case in the trial court.  As a result, when it made its probable cause determination, the trial court had before it only verified factual allegations giving rise to a statutory

presumption that the vehicle had been used to transport heroin. Because the presumption that the vehicle had been used to transport heroin was unrebutted, the facts were necessarily sufficient to support a reasonable belief that the vehicle had been used to transport contraband in violation of the Forfeiture Act. See also Crenshaw, 548 So. 2d at 224 ("[T]he legislature intended for forfeiture to be . . . appropriate . . . where an individual possesses a felony amount of drugs while in a vehicle . . . ."). The trial court's determination that there was no probable cause for the seizure of the vehicle was therefore in error.

Accordingly, we reverse the trial court's final order dismissing the forfeiture complaint. On remand, the trial court shall reinstate the complaint, enter a finding of probable cause to support the seizure in accord with section 932.704(5)(b), and proceed to the next stage of the forfeiture proceedings.

Reversed; remanded with instructions.

KELLY and BLACK, JJ., Concur.