STONE, Judge.
We reverse a partial summary judgment in an action for inverse condemnation holding the county liable for damages incident to the destruction of Plaintiffs’ bees in executing a mosquito control spray program. There is evidence that the mosquito spraying was an emergency measure designed to control an encephalitis crisis.
Appellees correctly assert that inverse condemnation applies to personal property. See State, Dep’t of Agric. and Consumer Servs. v. Mid-Florida Growers, Inc., 541 So.2d 1243 (Fla.2d DCA 1989), decision *320 approved, in part, 570 So.2d 892 (Fla.1990); In re: Forfeiture of 1976 Kenworth Tractor Trailer Truck, Altered VIN 2433 40 M, 576 So.2d 261 (Fla.1990). However, we deem these authorities inapposite as each involved a willful seizure or “taking.” Here, there is no demonstrated willful taking. Cf. Conner v. Reed Bros., Inc., 567 So.2d 515 (Fla.2d DCA 1990).
On the record before the court, the Plaintiffs’ loss, if proved, appears to be accidental. There is no indication that if the county killed the bees, it did so intentionally, or that it even knew of their existence. Unless Plaintiffs can demonstrate that a taking of constitutional dimension has occurred, any recovery would be limited to Plaintiffs’ companion claim of negligence. See Rabin v. Lake Worth Drainage Dist., 82 So.2d 353 (Fla.1955), cert. denied, 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed. 833 (1956).
Therefore, the partial summary judgment is reversed and the case remanded for further proceedings.
DELL, C.J., and DOWNEY, JAMES C., Senior Judge, concur.