PER CURIAM.
Appellant appeals a summary final judgment denying him recovery on a theory of inverse condemnation after the appellee, Orange County [“County”], demolished structures determined to be unsafe on property owned by appellant. We find no error and affirm.
The sole issue that has detained us is whether summary judgment was properly entered on the portion of appellant’s claim for personal property destroyed during demolition of the structures. The County’s motion for summary judgment did not separately address the personal property claim, but rather asserted generally that its actions were lawful in light of the due process afforded appellant and prior rulings of the court denying appellant injunc-tive relief. Likewise, at the summary judgment hearing, appellant did not address the personalty claim separately.
The destruction of personal property in the course of demolition of a structure condemned as unsafe or a nuisance is not necessarily wrongful, much less a taking. See § 823.05, Fla. Stat. (1997). The record in this case shows that one of the reasons for the unsafe abatement citation was the presence of “junk.” When the County sought summary judgment, it was necessary for appellant to come forward and show the court what personal property was outside the scope of the lawful demolition and why. According to the record, this issue had never been raised during the code enforcement process and the final order was not appealed. It was not raised in the injunction proceeding, nor was personal property removed in the face of the demolition notice. Even if personal property that should not have been destroyed was destroyed — a fact having no support in the record, the County’s actions did not amount to a taking. See Broward County v. Rhodes, 624 So.2d 319 (Fla. 4th DCA 1993). It was not error to enter summary judgment.
AFFIRMED.
THOMPSON, C.J., W. SHARP, and GRIFFIN, JJ., concur.