[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14986
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00252-VMC-TGW

CHRISTINE LACY,
an Individual,

                                                          Plaintiff -Appellant,

versus

CITY OF ST. PETERSBURG, FLORIDA,
a municipal corporation,
WILLIAM FOSTER,
a Former Mayor,
CHUCK HARMON,
Chief of Police,

                                                          Defendants-Appellees,

BALBOA INSURANCE GROUP,
a California Corporation,

                                                          Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 26, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2011, the City of St. Petersburg demolished Christine Lacy's house after it was damaged in a shoot-out between St. Petersburg police and Lacy's husband. In this 42 U.S.C. § 1983 lawsuit, Lacy alleges the demolition was an unconstitutional taking and violated her procedural due process rights. We agree with the district court that Lacy has not pleaded facts showing that the relevant state procedure for seeking compensation for her property—an inverse condemnation action under Florida law—is inadequate. Thus, after careful review, we affirm the district court's dismissal of her complaint.

I.

The Fifth Amendment requires the government to pay "just compensation" when it takes privately owned land for public use. U.S. Const. amend. V. In order to state a claim for an unconstitutional taking, a plaintiff must first allege that the government has deprived her of the use of her property. Agripost, Inc. v. Miami-Dade Cnty., 195 F.3d 1225, 1231 (11th Cir. 1999). Second, a plaintiff must also

2

allege "either that the state law provides [her] no process for obtaining just compensation (such as an action for inverse condemnation) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate." Id.

This second element—the inadequacy of state procedures—is of critical importance because a "property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121 (1985). In other words, it is the State's failure to provide just compensation, rather than the deprivation of property alone, that constitutes a constitutional injury.

Lacy acknowledges both that Florida courts recognize an inverse condemnation action through which she may seek compensation and that her complaint did not allege facts showing that such an action is inadequate.[1] Nonetheless, she argues that pursuing state procedures would cause her "needless delay" and points to Supreme Court precedent holding that a plaintiff need not

---

[1] Under Florida law, a plaintiff may seek compensation for damage caused by the government to both personal and real property through an inverse condemnation action. See, e.g., Schick v. Fla. Dep't of Agric., 504 So. 2d 1318, 1319 (Fla. 1st DCA 1987) (real property); Broward Cnty. v. Rhodes, 624 So. 2d 319, 319 (Fla. 4th DCA 1993) ("Appellees correctly assert that inverse condemnation applies to personal property.").

exhaust administrative remedies before filing suit in federal court to vindicate her constitutional rights.  This argument misses the mark because the issue is not one of exhaustion.  Instead, there simply exists no constitutional injury for federal courts to redress unless and until Lacy shows that she cannot seek just compensation under Florida procedures.  See Williamson Cnty., 473 U.S. at 195, 105 S. Ct. at 3121.  Thus, we affirm the district court's dismissal of Lacy's takings claim.

For the same reason, Lacy has also failed to state a claim for a violation of her procedural due process rights.  A procedural due process claim requires a plaintiff to allege "(1) a constitutionally protected interest in life, liberty or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation."  Bank of Jackson Cnty. v. Cherry, 980 F.2d 1362, 1366 (11th Cir. 1993).  Importantly, "[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."  Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (per curiam).  Thus, Lacy's failure to plead facts showing that Florida's inverse condemnation action is inadequate is also fatal to her procedural due process claim.

**AFFIRMED.**